**Milton Adolphus FARRELL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21182.**

United States Court of Appeals
Ninth Circuit.

July 19, 1967.

Certiorari Denied Nov. 13, 1967.
See 88 S.Ct. 349.

Frederick Barak, Hollywood, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Phillip Johnson, Asst. U. S. Atty., San Diego, Cal., Arthur W. Ayers, Sp. Asst. U. S. Atty., Billings, Mont., for appellee.

Before BROWNING and ELY, Circuit Judges, and SMITH, District Judge.

PER CURIAM:

Milton Adolphus Farrell appeals from his conviction of violating 8 U.S.C. § 1326 (1964). His principal contention is that the government failed to prove that he was an alien.

■■ The government proved that in November 1963 Farrell pleaded guilty to an earlier violation of 8 U.S.C. § 1326, thus admitting his alienage. Once status as an alien has been established, it is presumed to have continued until the contrary is shown. United States ex rel. Meyer v. Day, 54 F.2d 336, 338 (2d Cir. 1931). Cf. Hauenstein v. Lynham, 100 U.S. 483, 484, 25 L.Ed. 628 (1880); Ng Kam Fook v. Esperdy, 320 F.2d 86, 89 (2d Cir. 1963); Mills v. United States, 273 F. 625, 628 (9th Cir. 1921).

■ The government also introduced extra-judicial oral and written declarations by Farrell that he was an alien. These admissions were properly received in proof of the fact recited. Gonzales v. Landon, 215 F.2d 955, 957 (9th Cir. 1954), rev'd on other grounds 350 U.S. 920, 76 S.Ct. 210, 100 L.Ed. 806 (1955). Farrell's objection to their admissibility based upon Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is untenable in view of Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), limiting Miranda to prospective application.

■ The government also introduced a birth certificate which showed that Farrell was born in the Panama Canal Zone and that his parents were born in the British West Indies. Farrell took the stand and confirmed his place of birth and that of his parents, and further testified that his parents had never become citizens of the United States. As the court instructed the jury (without objection), a person born in the Canal Zone is a citizen of the United States only if his father or mother or both were or are citizens of the United States. 8 U.S.C. § 1403.[1]

Farrell's contention that his various admissions were conclusory and not based on personal knowledge went only to their weight—and diminished that but little, if at all.

■ We find this proof of alienage overwhelming.[2] Indeed, no argument to the contrary was made in the trial court, the defense resting entirely upon the contention that Farrell lacked the requisite criminal intent.

Affirmed.

1. Appellant now argues for the first time that he is not an "alien" subject to 8 U.S.C. § 1326, because he is a "national of the United States" as defined in 8 U.S.C. § 1101(a) (22), in light of 26 Ops. Att'y Gen. 376 (1907), and is therefore excluded from the definition of "alien" by 8 U.S.C. § 1101(a) (3). This contention was not made below, and the legal and factual issues bases which it rests were therefore not explored. No plain error is presented.

2. We therefore need not consider appellant's contention that certain additional documentary evidence offered on this issue was improperly admitted.