**Frank Junior JOHNSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24471.**

United States Court of Appeals,
Ninth Circuit.

March 5, 1970.

Ralph E. Seefeldt (argued), Tucson, Ariz., for appellant.

Richard K. Burke (argued), U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY and KILKENNY, Circuit Judges, and GOODWIN,* District Judge.

PER CURIAM.

A jury convicted Frank Junior Johnson of violating 18 U.S.C. § 2113(a) (entering a federal credit union with intent to commit larceny). He testified in his own behalf, and the only substantial question is whether the prosecutor injected prejudicial error on cross-examination.

Johnson, who had not been convicted of a felony, was asked if he had been convicted of a felony, and he answered, "yes." He had been convicted of obstructing a police officer. Under A.R.S. § 13–541, the offense could be treated by the sentencing judge either as a felony or as a misdemeanor. Johnson's sentence made the conviction one for a misdemeanor.

This circuit has said that misdemeanor convictions may not be shown in impeachment. Carlton v. United States, 198 F.2d 795, 800 (9th Cir. 1952). But even in circuits that permit evidence of certain misdemeanor convictions for impeachment, proof of a conviction for obstructing an officer would not have been admissible. The offense does not necessarily reflect upon the honesty of the offender. See 2 Wright, Federal Practice and Procedure § 416, at 188–190 (1969), for collected cases.

In a close case a relatively innocuous blunder may tip the balance against a defendant. Glasser v. United States, 315 U.S. 60, 67, 62 S.Ct. 457, 86 L.Ed. 680 (1942). In a case where the proof of guilt is strong, however, the same mistake would not necessarily justify reversal. Fed.R.Crim.P. 52(a). Corley v. United States, 124 U.S.App. D.C. 351, 365 F.2d 884 (1966).

---

* The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation.

In the case before us the proof of guilt was strong. The prosecutor's mistake was promptly cured. The judge instructed the jury to "[l]ay the whole matter of any previous offense of any nature out of your consideration and determine this case solely on the evidence with regard to this offense and nothing else." See United States v. Altavilla, 419 F.2d 815 (9th Cir. 1969); Beasley v. United States, 94 U.S.App.D.C. 406, 218 F.2d 366, cert. denied 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955).

Affirmed.