**UNITED STATES of America,**
**Appellee,**

v.

**Alcibiades Garcia VASQUEZ, Appellant.**

**Nos. 71–2102, 71–2106.**

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1972.

As Amended on Denial of Rehearing May 25, 1972.

**203**

Wallace E. Wolfe (argued), San Diego, Cal., for appellant.

Brian E. Michaels, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., Stephen G. Nelson, Acting Chief, Crim. Div., San Diego, Cal., for appellee.

Before MERRILL and KILKENNY, Circuit Judges, and LYDICK, District Judge.*

KILKENNY, Circuit Judge:

Appellant was indicted, tried and convicted in a jury trial of violating 21 U. S.C. § 174 [conspiracy to smuggle, sell and conceal narcotic drugs] on one indictment and for violations of 18 U.S.C. § 1952 [using a facility in interstate and foreign commerce to distribute proceeds of an unlawful activity, i. e., trafficking in cocaine] on two counts of a separate indictment. The cases were consolidated for trial.

■ Inasmuch as reversal is required on one issue completely isolated from the general factual background, we need not here recite a detailed statement of facts. Suffice to say, the record contains substantial evidence in support of appellant's convictions on each of the indictments.

* The Honorable Lawrence T. Lydick, United States District Judge for the Central

During the course of the trial, the appellant took the witness stand. On cross-examination, he was asked if he had been convicted in New York City in 1966 of unlawful possession of a narcotic drug. In a bench conference, outside the presence of the jury, appellant's counsel asserted that a request had previously been made for information relating to prior convictions, but that the United States Attorney had not supplied the information. The United States Attorney conceded that they had been aware of the conviction for "some period of time", but that he did not know of any request. The record discloses a number of "omnibus" pre-trial hearings, in which this type of information would normally be furnished. After the conference, the court permitted the United States Attorney to pursue the line of questioning. The appellant asserted that the marihuana found in the New York apartment belonged to another. The Assistant United States Attorney insisted that the New York conviction involved "heroin and barbituates", while appellant countered that it was "just marihuana".

■ The material before us on appeal including appellant's record of conviction in the Supreme Court of the State of New York, demonstrates that he was there convicted of a misdemeanor, rather than a felony. Nevertheless, the trial court held, in the presence of the jury, that appellant "knowingly entered a plea of guilty to a felony." This ruling was made immediately following the appellant's testimony that if he had thought the charge was a felony, he would not have entered a plea of guilty. To compound the error, the jury was instructed on the impeaching nature of a felony conviction.

The Assistant United States Attorney had previously practiced law in the state of New York and in the course of the trial, speaking of appellant's conviction, he assured the court: "It's a felony un-

District of California, sitting by designation.

der New York law." When stating that the conviction was for a felony, the judge was obviously relying upon this representation. This he had a right to do. During the course of a heated trial, a judge must of necessity rely upon statements of counsel. The government now concedes that appellant's New York conviction was a misdemeanor and not a felony.

The prosecuting attorney insisted on the correctness of his position even as late as the conference on instructions, during which period he urged on the court the giving of the customary impeachment instruction in connection with the conviction of a felony. At that time, he again assured the court that he had checked with New York and that the violation involved was a felony.

■ If the New York conviction had been for a felony, it would have been admissible for the purpose of impeachment. Singleton v. United States, 381 F.2d 1 (9th Cir. 1967), cert. denied 389 U.S. 1024, 88 S.Ct. 601, 19 L.Ed.2d 673. However, this circuit does not permit the introduction of a misdemeanor conviction for that purpose. Carlton v. United States, 198 F.2d 795, 800 (9th Cir. 1952). This is true even if such a conviction involves "moral turpitude". Johnson v. United States, 424 F.2d 537 (9th Cir. 1970).

In a case, such as *Johnson*, where the prosecutor did not pursue the subject, the evidence of guilt was strong and the judge promptly instructed the jury to lay aside the evidence of the conviction and eliminate it from its consideration, the conviction should not be set aside. However, where, as here, guilt is not so obvious, and the prosecutor wrongly insists on the correctness of his position and then the court gives an instruction calling the jury's attention to the prior conviction, the prosecutor's blunder might well tip the scales against a defendant. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1962). On the record before us, we cannot say that the error was harmless.

The appellee must now pay the price of a new trial because of the grossly careless statements of an overly zealous prosecutor.

## OTHER CONTENTIONS

■ Other contentions made by appellant, such as: (1) impermissible identification by witnesses due to: (a) insufficient opportunity to observe appellant, (b) identification made under improperly suggestive circumstances, and (c) time lag between visit with appellant and eventual identification procedure; (2) alleged error in the admission in evidence of a false birth certificate, and (3) that the evidence on the conspiracy count was insufficient to support the conviction, are clearly without merit.

The judgment of the lower court is set aside and the cause remanded for a new trial.

LYDICK, District Judge (dissenting):

I respectfully dissent.

The facts in this case can be briefly stated: Robert and Helen Hernandez ran a wholesale narcotics operation in Tijuana, Mexico from where they shipped cocaine and heroin to distributors in Los Angeles, California. In November, 1968 defendant-appellant Garcia Vasquez supplied these wholesalers with nearly eight pounds of cocaine which was delivered in San Diego, California and transported to Los Angeles for distribution.

The majority would reverse the conviction of Garcia Vasquez because of claimed error arising out of cross-examination of him concerning his prior criminal record and an instruction given by the Court below in that connection.

On cross-examination, the prosecution asked appellant if he had ". . . ever been convicted of a crime?" He answered "No". The prosecution then asked: "Isn't it a fact, Mr. Garcia, that

you were convicted in New York City in 1966 of the unlawful possession of a narcotic drug?" After objection and argument outside the presence of the jury, the question was asked again and appellant explained at length his version of that arrest, which version was entirely inconsistent with that found in the records of the Supreme Court of New York concerning his conviction. These discrepancies led to some further cross-examination and the admission of Exhibits 20, 20–A and 20–B, the above noted New York Supreme Court records. The entire line of questioning, including that brought on by appellant's own explanation at odds with official court records, occupied less than fifty lines of a 434-page transcript and never once mentioned the word "felony".

The instruction given by the Court below was a general instruction reading: "Evidence of a defendant's previous conviction of a felony is to be considered by you only insofar as it may affect his credibility as a witness. It must not be considered as evidence of guilt of a crime for which he is on trial."

The only objection to the questioning was that of surprise of appellant's counsel. No request for a continuance was made and no subsequent motion for mistrial made despite the lower Court's invitation to defense counsel to make such a motion if investigation made it appear appropriate. Some indication of the lack of belief of defendant himself and his trial counsel that the cross-examination and instruction now complained of had any effect on the jury verdict is found in their failure to pursue the matter at all by way of prompt investigation, motion for mistrial or motion for new trial.

In my view, defendant's initial denial that he ever had been convicted of a crime made the subsequent questions of the prosecution appropriate and the impeachment was proper whether or not the prior conviction was a felony. Witnesses should not be shielded from contradiction of their own untruths.

Moreover, assuming error in the admission of the answers, I am satisfied that it could not have affected the result. Reason and the sound administration of justice require that one look at the totality of circumstances and not examine each word or sentence as though it were heard alone. Where, as here, any other result than that obtained in the trial Court would have been a bad miscarriage of justice, our duty to reflect on the effect of slight error is increased.

I must accordingly conclude that there was no error; and that, if there was error, it was not aggravated and was harmless beyond a reasonable doubt. 28 U.S.C. § 2111; Fed.Rules Crim.Proc. 52(a); Harrington v. California, 395 U.S. 50 at 254, 89 S.Ct. 1726, 23 L.Ed. 2d 284 (1968); Chapman v. California, 386 U.S. 18 at 24, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967). I would affirm the judgment below because I do not believe the claimed error, if any, has resulted in a miscarriage of justice or can justify in any way the time and expense to the people that a new trial would require.

I agree with the majority that none of the other contentions made by the appellant have any merit.