**UNITED STATES of America, Appellee,**

v.

**Ruben PRECIADO–GOMEZ, aka Norberto Diaz-Moreno, Appellant.**

**No. 75–1170.**

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1976.
Certiorari Denied April 26, 1976.
See 96 S.Ct. 1730.

Charles M. Sevilla (argued), of Federal Defenders of San Diego, Inc., San Diego, Cal., for appellant.

Herbert B. Hoffman, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

## OPINION

Before CHAMBERS and BARNES, Circuit Judges, and LYDICK,* District Judge.

BARNES, Senior Circuit Judge:

On June 25, 1974, a two-count indictment was filed charging appellant with illegal re-entry into the United States on June 13, 1974 (8 U.S.C. Sec. 1326), and with making a false representation of United States citizenship on that same date (18 U.S.C. Sec. 911). On September 17–19, 1974, the appellant was tried by jury which could not reach a verdict. For that reason, on September 20, 1974, a mistrial was declared.

On October 2, 1974, appellant was reindicted on four counts: the same two counts previously charged in the June 25, 1974 indictment (Counts I and II), plus two additional counts charging earlier somewhat similar violations by appellant on April 17, 1972 (Counts III and IV), of: (1) a fraudulent procurement of evidence of citizenship (a I–179 card), in violation of 18 U.S.C. Sec. 1425(b); and (2) a false representation of United States citizenship (18 U.S.C. Sec. 911). Motions were brought and denied on November 4, 1974 and November 19, 1974 to dismiss this second indictment for vindictive prosecution. The case was tried to a second jury on November 21–22, 1974, and on November 25, 1974, the jury found the defendant guilty on all counts. Defendant was sentenced on January 13, 1975 to two years in custody on Counts III and IV, to run consecutively to 5 years probation on Counts I and II (Counts I and II being the original counts, and III and IV the added counts).

Appellant urges three errors in this appeal. The first is that the appellant suffered from a "vindictive prosecution" which warrants dismissal of the charges against him. We consider each of appellant's positions in this appeal.

I *"Vindictive Prosecution".*

Appellant here argues that under our decision in *United States v. Gerard,* 491 F.2d 1300 (9th Cir. 1974), the additional counts should have been dismissed. We disagree.

Our disagreement is based on several reasons:

A. *Gerard* was unanimously reversed and a new trial ordered as to all defendants on Counts I to III for a reason entirely apart from the issue here raised. It was reversed because the prosecutor failed to disclose evidence favorable to the defense, with relation to the credibility of the defendant De Vito, "the main witness against Gerard" (Count IV), as is required, citing *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 11217 (1959); and *United States v. Hibler,* 463 F.2d 455, 460 (9th Cir. 1972). *United States v. Gerard, supra,* pp. 1302 to 1304.

We emphasize this aspect of *Gerard,* because the majority opinion therein does the same when it states, before anything else:

"Our conclusion that there must be a new trial essentially limits our consideration in this case to one ground we find sufficient in itself—the government's coverup of its relations with its principal witness, an alleged accomplice of the defendants," one De Vito. *Id.,* p. 1302, 1st paragraph.

B. In *Gerard,* there is no question but that the district court, in sentencing Gerard on Count IV (the newly added count) "imposed a separate, and in this instance, a consecutive sentence." (*Gerard,* p. 1304) In *Preciado,* we have no way of knowing what the total combined sentence would have been, had Preciado been convicted on his first trial, since no such sentence was imposed.

* Honorable Lawrence T. Lydick, United States District Judge, Central District of California, sitting by designation.

C. *North Carolina, et al. v. Pearce,* and *Simpson, Warden v. Rice,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 [herein to be referred to as *"Pearce (Rice)"*], were two state court cases where in each the respondent was convicted of a crime and sentenced to a prison term; the original conviction was set aside in post-conviction proceedings; and on retrial the respondent was again convicted and sentenced. In *Pearce,* the new sentence, when added to the time he had already served, amounted to more than his original sentence. *Rice* received a longer sentence with no credit for the time already served. In neither case was any justification given for imposition of the longer sentences. The district court held the longer sentences on retrial were, in each instance, unconstitutional.

The Supreme Court affirmed, holding the guarantee against double jeopardy is violated when punishment already exacted for an offense is not fully credited; but that there is no absolute constitutional bar to imposing a more severe sentence on reconviction; *provided,* that due process of law requires that vindictiveness against a defendant for successfully attacking his first conviction must play no part in the sentence he receives after a new trial, and that a defendant be freed from any apprehension of retaliatory conduct on the part of the sentencing judge—and accordingly, the reasons for imposition after retrial of a more severe sentence must affirmatively appear in the record, and must be based on objective information concerning the defendant's identifiable conduct after the original sentencing proceedings. *See idem,* Justice Douglas' concurring opinion p. 726, 89 S.Ct. 2072.

Thus, strictly speaking, the procedural background in *Pearce (Rice)* and *Gerard* do not appear in *Preciado*: the latter had no first trial resulting in a conviction or any sentence of any kind until after the second trial.

D. *Pearce (Rice),* strictly speaking, and on their facts, are limited to a rule to prevent vindictiveness on the part of the sentencing judge at the second sentencing.

■ But we do not suggest that such factual limitation is of precedential value should it encourage or allow vindictiveness on the part of others, such as a prosecutor. We agree with the language of the majority in *Gerard* that "Sentencing after a retrial is not the sole area for the application of *Pearce,"* (p. 1305), and that a new count in the indictment "may call for an examination of the propriety not only of the resentencing itself but also of the prosecutor's action in adding the count . . . ." (p. 1305).

However, we do not consider the suggestion in *Gerard* that an investigation into why a prosecutor adds a count against a defendant after a mistrial, provides any "litmus test" for the conclusion there was or was not, any evidence of vindictiveness against a defendant. We say this with particular reference to the progeny of *Pearce (Rice),* and consideration of their facts, as compared with *Gerard* and *Preciado.*

In *Pearce,* the Supreme Court overturned a sentence where defendant, after a successful appeal, was retried on the *same charge,* and where, without any justification being given as to why a greater sentence was warranted than that previously given (*i. e.,* no new evidence on retrial, nor any other intervening aggravating factors affecting the degree of defendant's culpability), a greater sentence was imposed than had been imposed at the initial trial.

In *Chaffin v. Stynchcombe, Sheriff,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the court held the rendition of a higher sentence by a jury upon retrial is constitutional as long as the jury is not informed of the prior sentence and the second sentence is not otherwise shown to be a product of vindictiveness; and further, that such possibility has no "chilling effect" on a criminal defendant's right to challenge his first conviction.

In *Williams v. McMann,* 436 F.2d 103, 105 (2nd Cir. 1970), defendant was in-

dicted in the state court of New York for selling a packet of heroin. He pleaded guilty, after negotiations, to a lesser charge of attempted felonious sale. He was sentenced to 3 to 7 years when it was found (after a few days in prison), he had a previous felony conviction. He was returned to court for sentence as a recidivist, which resulted in a sentence of 3¾ to 15 years. Defendant sought to withdraw his plea because the new mandatory sentence would be longer than the sentence he had bargained for. This was granted. He was then tried and convicted on the original charge. He questioned the constitutionality of his earlier conviction. The prosecution did not take issue with that contention, and he was sentenced as a first offender, but was sentenced to 5 to 10 years. Relying on *Pearce (Rice),* defendant came to the federal courts, after failing to gain a lesser sentence in the state courts.

Both the district court and the Second Circuit denied relief, pointing out:

> "Williams, with commendable candor, recognizes that the strength of his claim derives entirely from the Supreme Court's recent decision in *North Carolina v. Pearce* . . .."

In *Pearce,* the prisoners

> "[U]rged a blanket constitutional ban against such harsher sentences, enlisting three already well canvassed arguments based upon the double jeopardy, equal protection, and due process clauses. The Court rejected each of the grounds for the proffered blanket rule, in favor of a narrower principle . . . .. Not a longer sentence *simpliciter,* but a longer sentence imposed *in retaliation* for the defendant's successful attack upon his first conviction, was constitutionally offensive, the Court said."

> \*    \*    \*    \*    \*    \*

> ". . . *Pearce* would have application, if a prosecutor for no valid reason charged a defendant whose first conviction had been set aside, with a more serious offense based upon the

same conduct." (emphasis added) *Idem,* pp. 104–05.

In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the respondent Perry, a prisoner, was charged with a misdemeanor assault with a deadly weapon, and convicted in state court. When he appealed to the state Superior Court, where he was entitled to a trial *de novo,* he was indicted for a felony offense of assault with a deadly weapon with intent to kill. He pleaded guilty, and thereafter applied for a writ of habeas corpus in federal District Court, claiming the felony indictment deprived him of due process. His claim was upheld in the District Court, the Court of Appeals, and the Supreme Court. It was held he was entitled to proceed under state law to a trial *de novo* without apprehension that the state would retaliate by substituting a more serious charge, with an increased penalty, for the original charge.

In *United States v. Jamison,* 164 U.S. App.D.C. 300, 505 F.2d 407 (1974), and *Colon v. Hendry,* 408 F.2d 864 (5th Cir. 1969), where the defendant was retried *for the same acts,* the prosecutor sought to charge and prove a more serious crime.

■ Such attempt to retry the appellant, seeking a heavier penalty *for the same acts* as originally charged, is inherently suspect, and in such cases the burden is justifiably placed on the government to show a valid reason (such as newly discovered evidence of other acts) for an increase in punishment. If such reason, or other valid reasons exist, the courts should refrain from interfering with the prosecutor's right to exercise his discretion to press or not press more serious charges.

E. We note that in *Gerard,* the majority opinion [in its discussion of the second (Count IV) issue] did not conclude that the increased penalties on Counts I to III (to three years) were improper under *Pearce (Rice)*—the latter "being obviously inapplicable." (p. 1306).

F. We also note that in *Gerard,* the majority opinion, in its discussion of the

second (Count IV) issue, "without going into the thorny area of plea bargaining participated in by the court [citing cases], plea bargaining by a prosecutor is a well accepted procedure." *Id.* at 1305. *See Chaffin v. Stynchcombe,* 415 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *Cortez v. United States,* 337 F.2d 699 (9th Cir.), *cert. denied,* 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726 (1964). *Gerard* continues:

> "If, as part of that process, a prosecutor may properly indicate the risks in not pleading guilty, whether of a larger sentence or of a larger exposure [*see Brady v. United States,* 397 U.S. 742, 750, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)], we see no reason why the state should necessarily be precluded in all respects from actualizing these risks when the plea is withdrawn." *Id.,* pp. 1305–06.

▮ We agree with this summarization, and for similar reasons, need not discuss the merits of plea bargaining, *per se.*

G. Here the defendant Preciado was additionally charged with new, separate, and different offenses, occurring on different dates, though somewhat similar to the counts originally charged. We agree, that to eliminate all vindictiveness, and, better yet, to eliminate any appearance of vindictiveness,

> "call[s] for an examination of the propriety not only of the resentencing itself but also of the prosecutor's action in adding the count, since, at least in some circumstances, a prosecutor, too, may be guilty of vindictiveness." *Gerard, supra,* p. 1305.

But ascertainment of previous crimes, or the discovery of proof of them, eliminates any *per se* assumption of vindictiveness or retaliation.

H. In *Gerard,* the majority concluded that as to the second (Count IV) issue, *Pearce* was "applicable to the additional, consecutive sentence on Count IV *for at least one reason.*" (emphasis added).

> "The record shows that at the time of the aborted sentence hearing [at which the court allowed Gerard to withdraw his plea of guilty], the court was aware of the fact that Gerard had carried a gun. It did not learn of any new facts which could justify a further sentence. . . ." (p. 1306).

Testing the two requirements of *Pearce (Rice)*: (1) "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding" (395 U.S. at 726, 89 S.Ct. at 2081); and (2) "any other circumstances 'affirmatively appearing', [*Pearce, ante,* at 726, 89 S.Ct. 2072] that might be an adequate substitute," (*Gerard, supra,* p. 1306), the *Gerard* majority opinion found neither: "We must, therefore, hold the increase in sentence impermissible." (*Gerard, supra,* 491 F.2d at 1306).

Turning to the prosecutor's conduct, the majority in *Gerard* found

> "The situation as to the United States Attorney's filing the additional count would seem little different. He offers as the sole reason, 'As long as the possibility of this agreed disposition existed, it would have been pointless for the government to seek additional counts.' Having in mind *that he knew all the facts from the outset,* the breakdown in the agreement seems scarcely a new reason for not including the count initially. *In view of the difficulties we would face in distinguishing this case from Pearce (Rice), we do not propose to try to do so simply to permit the imposition of what can be no more than a concurrent sentence on a count the government did not think worth bringing in the first place.*" (491 F.2d at 1306–07) (emphasis added).

We have no such record before us here, and hence have no difficulties in finding *Gerard* and *Preciado* factually dissimilar.

I. The record here fails to disclose any overt evidence of vindictiveness in the prosecutor's seeking additional counts on reindictment. The govern-

ment explains its reason for the superseding indictment in the margin.[1]

We conclude that the crucial facts behind the *Gerard* majority opinion was that in *Gerard,* the United States Attorney had all the facts prior to the first trial and first sentencing. In *Preciado,* he had some, but not all, the facts prior to the first trial, and there was no first trial sentencing.

In *Gerard,* there was no "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding," nor any other circumstances affirmatively appearing in the record that might have adequately explained the government's alleged unlawful conduct. In *Preciado,* his conduct, occurring prior to the original charge of unlawful entry, was suspected, but only ascertained by the prosecution after the aborted trial at which no judgment was entered.

Thus, it was proper in *Preciado* to charge against him separate, different and earlier charges in a superseding indictment, not established to the satisfaction of the prosecution at the time of Preciado's arrest on June 13, 1974, or his indictment on June 25, 1974, or his mistrial on September 20, 1974.

■■■ We cannot conceive that the language used by the Supreme Court in

*Pearce (Rice)* was intended to prevent (after the declaration of a mistrial upon the charges originally made), the consideration upon a second trial of felonious conduct of the same defendant, charged in new counts in a superseding indictment, referring to conduct occurring prior to the first indictment, which conduct was unknown to the prosecutor or unproved by competent evidence prior to his arrest or original indictment.

We hold *Gerard* does not require a reversal in this case.

## II Alleged Misconduct of Prosecutor.

This alleged error rests upon the prosecutor's asking the witness Mejia-Chavez: "You haven't tried to enter this country illegally at any time, have you?"

■■■ Appellant asserts that the prosecution attempted "to impeach the witness through a misdemeanor conviction," thus invoking this court's rule that seeking to impeach a witness by proof of a previous conviction of a felony, is error, if there is but a previous conviction of a misdemeanor proved. *United States v. Vasquez,* 460 F.2d 202 (9th Cir. 1972). We have no dispute with such a rule, but the facts in *Vasquez* bear no similarity to those in this case.

One: The trial court ruled that the question asked was proper cross-exami-

---

1. "Appellant had been charged in Criminal No. 74–1296 [the first indictment] with one count of false claim of United States citizenship, 18 U.S.C. Sec. 911, and one count of deported alien found in the United States, 8 U.S.C. Sec. 1326. Those charges arose from the appellant's entry into the United States on June 13, 1974. At the trial on September 17–19, 1974, in addition to the events of June 13, 1974, the government introduced evidence of two prior similar acts in which appellant had made false claims to United States citizenship. In addition, the government introduced evidence of an additional deportation of appellant, other than the one alleged in the indictment. Nevertheless, the jury was unable to agree upon a verdict [C.T. 24].

"In the judgment of government counsel, the [reason] for the mistrial was the misleading defense presented and argued by appellant's trial counsel to the jury. Simply stated, the defense was that: (1) when arrested on June 13, 1974, appellant was in possession of a resi-

dent citizen card (I–179) issued to him by immigration authorities on April 17, 1972, in the name of Norberto Diaz-Moreno; and (2) therefore, if immigration authorities had issued appellant the document, he must really be Norberto Diaz-Moreno, a United States citizen [C.T. 24–25].

"Once a mistrial had been declared on September 20, 1974, it was government counsel's intention to re-present the instant case to the grand jury to seek a superseding indictment. While arrangements were being made to secure the necessary witnesses to testify, further plea negotiations were initiated by appellant's trial counsel. Appellant's trial counsel was advised of the possibility of a superseding indictment, with the suggestion being made that if a satisfactory plea bargain could be struck under the present indictment, then a superseding indictment would not be sought by the government. A mutually satisfactory plea bargain could not be reached by the parties [C.T. 24]." (Government's Brief at pp. 19–20).

nation of the witness when the witness was allowed to express his conclusion on direct examination on appellant's behalf.[2] This was a correct ruling. The existence of bias or prejudice of one who has expressed an expert opinion can always be examined into on the cross-examination of such expert; as well as the facts upon which his expert opinion was based. Wigmore on Evidence, Sec. 949 (3rd Ed. 1940); *United States v. Abrams,* 427 F.2d 86, 90 (2nd Cir. 1970).

Two: The witness Mejia-Chavez was not qualified as an expert witness, and a non-expert witness can ordinarily express no factual conclusions. *Cf. Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

Three: The witness never answered the question objected to, despite the trial court's ruling. (R.Tr. 346, *l.* 1 to 357, *l.* 7).

■ There were other objections raised to other questions asked by government counsel, none of which objections have merit; and many of which were asked and answered without objection below. (R.Tr. 386–87). Appellant asserts these questions went to actions, including deportations of defendant, prior to the short time the witness knew the defendant, and hence were inadmissible. No authority is cited for such a position. They were relevant and material to the witness' conclusion that defendant was a United States citizen.

Appellant himself confirmed the accuracy of many of the alleged facts stated in such questions. (R.Tr. 383, *et seq.*).

■ The objection to government's counsel argument to the jury is trivial, at best. No objection was made during trial and the plain error rule of Rule 52(b), F.R.Civ.P., would not apply, but the harmless error of Rule 52(a) would.

### III  *Instructions.*

The first instruction objected to is a standard Devitt & Blackmar (2nd Ed.) Federal Jury Practice & Instructions, Sec. 21.06, and is good law in this circuit, and any objection to it has been consistently rejected. *Farrell v. United States,* 381 F.2d 368 (9th Cir.), *cert. denied,* 389 U.S. 963, 88 S.Ct. 349, 19 L.Ed.2d 377 (1967).

■ The second instruction relating to the appellant's interest in the outcome of the case is likewise approved in this circuit, "and any objection to it has been consistently rejected." *United States v. Jacobs-Gil,* 474 F.2d 1213, 1215 (9th Cir. 1973); *United States v. Eskridge,* 456 F.2d 1202, 1205–06 (9th Cir. 1972); *Papadakis v. United States,* 208 F.2d 945, 954 (9th Cir. 1953).

### IV  *Conclusion.*

Finding no error, we *affirm* the defendant's conviction on all counts.

---

**2.** "Question: And what citizenship do you believe him to be?
Answer: Well, I believe he is American. (R.Tr. p. 349)
Question: And is it your opinion that he's an American citizen rather than a Mexican citizen, . . .
Answer: Well, about him being an American citizen, I think he is.

Question: Because he told you he was?
Answer: Because one time we talked, and he told me.
Question: So, your opinion about his name and citizenship is based upon what the defendant, himself, told you and nothing else?
Answer: Yes. That is all." [R.Tr. p. 351–52].