UNITED STATES of America, Appellee,

v.

Bernardino RUESGA–MARTINEZ, Appellant.

No. 75–3660.

United States Court of Appeals, Ninth Circuit.

April 22, 1976.

As Modified on Denial of Rehearing June 2, 1976.

Glorene Franco (argued), San Diego, Cal., for appellant.

Robert D. Krause, Asst. U. S. Atty. (argued), San Diego, Cal., Terry J. Knoepp, U. S. Atty., Howard A. Allen, Asst. U. S. Atty., San Diego, Cal., on the brief, for plaintiff-appellee.

## OPINION

Before ELY and TRASK, Circuit Judges, and VAN PELT,* District Judge.

ELY, Circuit Judge:

Ruesga-Martinez appeals his conviction on a two-count felony indictment charging him with unlawful entry and reentry into the United States in violation of 8 U.S.C. §§ 1325 and 1326. We reverse.

On August 13, 1975, the appellant was arraigned before a magistrate on a complaint charging him with unlawful entry in violation of 8 U.S.C. § 1325. Section 1325 provides that first offenders are guilty of a misdemeanor, punishable by imprisonment of not more than six months, or by a fine of not more than $500, or both. Multiple offenders are guilty of a felony, punishable by imprisonment for a maximum of 2 years and a maximum fine of $1,000. Although the prosecution was aware that appellant was a multiple offender, it chose to charge him with a misdemeanor before the magistrate.

Appellant pleaded not guilty to the charge. Thereafter, he refused to sign a document that would have constituted a waiver of his right to be tried by a district judge and any right that he might have had to a jury trial. The magistrate then ordered the United States Attorney to file an information against appellant in the District Court. On September 2, 1975, appellant was arraigned on a two-count indictment charging him with a felony violation of 8 U.S.C. § 1325 as a multiple offender and with violating 8 U.S.C. § 1326, which provides that a deported alien who reenters the United States unlawfully commits a felony. Appellant entered not guilty pleas to both counts and moved to dismiss the indictment on grounds that the increase in the severity of the charges against him violated his constitutional due process rights under the Fifth Amendment. The motion was denied, whereupon the appellant waived a jury trial and was found guilty by the District Court on a set of stipulated facts. The District Court imposed sentences of eighteen months imprisonment on each count, the sentences to run concurrently.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court examined the issue of whether a trial court can impose a more severe sentence upon retrial and reconviction after an accused has successfully challenged his first conviction on appeal. The Court held that, although heavier sentences are not absolutely prohibited, due process requires that the reasons for imposing such sentences upon retrial must affirmatively appear so that an accused may be free, when taking an appeal, of any apprehension of subsequent retaliatory or vindictive sentencing because of his successful appeal. 395 U.S. at 725–26, 89 S.Ct. at 2080–81, 23 L.Ed.2d at 669–70.

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Supreme Court extended the rule in *Pearce* to protect the accused against the apprehension of prosecutorial vindictiveness. In *Blackledge* the accused, Perry, was initially charged with a misdemeanor assault with a

* Honorable Robert Van Pelt, Senior United States District Judge, Lincoln, Nebraska, sitting by designation.

deadly weapon for an altercation with another inmate that occurred while Perry was in prison. Perry was convicted in an inferior court in North Carolina and given a sentence of six months confinement, this sentence to be served upon the completion of the prison term he was then serving. Perry chose to exercise his right under North Carolina law to a trial *de novo* in the Superior Court. Prior to the trial *de novo*, the prosecution obtained an indictment charging Perry with a felony for the same acts for which he had previously been charged with a misdemeanor. The net result was an increase of eleven months in Perry's sentence. The Supreme Court held that, when the circumstances "pose a realistic likelihood of 'vindictiveness' . . . due process of law requires a rule analogous to that of the *Pearce* case." 417 U.S. at 27, 94 S.Ct. at 2102, 40 L.Ed.2d at 634. Thus, even though there was absolutely no evidence of vindictiveness in the record, the Court held that it was constitutionally impermissible for the prosecution to bring the more serious charge against Perry after he had exercised his statutory right to appeal.

■ *Pearce* and *Blackledge* therefore establish, beyond doubt, that when the prosecution has occasion to reindict the accused because the accused has exercised some procedural right, the prosecution bears a heavy burden of proving that any increase in the severity of the alleged charges was not motivated by a vindictive motive.[1] We do not question the prosecutor's authority to bring the felony charges in the first instance (*see United States v. Brown*, 482 F.2d 1359, 1360 (9th Cir. 1973)), nor do we question the prosecutor's discretion in choosing which charges to bring against a particular defendant (*see Spillman v. United States*, 413 F.2d 527 (9th Cir.), *cert. denied*, 396 U.S. 930, 90 S.Ct. 265, 24 L.Ed.2d 228 (1969)). But when, as here, there is a significant possibility that such discretion may have been exercised with a vindictive motive or purpose, the reason for the increase in the gravity of the charges must be made to appear.

■ We do not intend by our opinion to impugn the actual motives of the United States Attorney's office in any way. But *Pearce* and *Blackledge* seek to reduce or eliminate apprehension on the part of an accused that he may be subjected to retaliatory or vindictive punishment by the prosecution only for attempting to exercise his procedural rights. Hence, the mere *appearance* of vindictiveness is enough to place the burden on the prosecution. When the appellant in the present case refused to sign the waiver form, the ensuing increase in the severity of the charges against him created a sufficient appearance of vindictiveness to bring the principles of *Pearce* and *Blackledge* into application.

On the record before us there is absolutely no evidence that justifies the increase in the charges brought against appellant.[2]

---

1. There can be no question that the change in the present case from a one-count misdemeanor complaint to a two-count felony indictment constitutes an increase in the charges against appellant. We therefore need not decide how much of an increase is necessary before *Pearce* and *Blackledge* apply. We do note that the Court of Appeals for the District of Columbia has suggested that the rule in *Pearce* should apply even "where the only *possible* prejudicial effect of the charge increase [is] minimal." *United States v. Jamison*, 164 U.S.App.D.C. 300, 505 F.2d 407, 415 (1974) [emphasis in the original].

2. The prosecution cites *United States v. Preciado-Gomez*, 529 F.2d 935 (9th Cir. 1976), for the proposition that the absence from the record of any evidence of vindictiveness is enough to justify an increase in the severity of the charge. However, the *Preciado-Gomez* court expressly pointed out that any attempt "to retry the appellant, seeking a heavier penalty *for the same acts* as originally charged, is inherently suspect, and in such cases the burden is justifiably placed on the government to show a valid reason (such as newly discovered evidence of other acts) for an increase in punishment." 529 F.2d at 939 [emphasis in the original]. Here, the new charges against appellant were undeniably predicated upon the same acts as those specified in the original complaint. It is also noteworthy that in *Preciado-Gomez* there was some doubt about whether the prosecution had all of the facts before it at the time of the original indictment 529 F.2d at 941. There is no such doubt in the present case. Hence, we do not view *Preciado-Gomez* as controlling in the present context except insofar as it characterizes similar prosecutorial conduct as "inherently suspect."

The prosecution attempts to justify its conduct by emphasizing that there was more than ample evidence that appellant was a multiple offender. This does not in itself justify an increase in the severity of the charges in the second proceeding because that evidence was known to the prosecution before it brought the original lesser charge. *United States v. Gerard*, 491 F.2d 1300, 1304–07 (9th Cir. 1974)[3] In the present case the only new facts alleged in the felony indictment were appellant's previous arrest, conviction, and deportation. There can be no doubt that such facts were known to the prosecution before it instituted the original complaint.[4] That the matter was handled by an inexperienced prosecutor, as argued at oral argument by the Government's appellate counsel, is, of course, no acceptable excuse whatsoever.

The prosecution further argues that *Pearce* and *Blackledge* do not apply because appellant was not entitled to a jury trial in the misdemeanor proceeding. It argues that since appellant had no right that could be waived, there was no right to be protected against the threat of vindictive prosecution. This argument is without merit. *Pearce* and *Blackledge* apply regardless of whether the accused asserts a constitutional right, a common law right, or a statutory right, and it is clear that appellant originally possessed, at the very least, the statutory right to be tried by a district judge rather than a magistrate. 18 U.S.C. § 3401(b)[5]. In *Blackledge* the right protected was a right to a trial *de novo*, created by statute, and in *Pearce* the Supreme Court expressly declined to confine its holding to protecting the assertion of constitutional rights. 395 U.S. at 724, 89 S.Ct. at 2080, 23 L.Ed.2d at 668. Therefore, in the present case appellant was entitled to exercise his right to be tried by a district judge[6] without fear that the prosecutor might retaliate by substituting a more serious charge for the misdemeanor charged in the original complaint.

Finally, the prosecution contends that it was entitled to bring the more serious charges as a consequence of its authority to engage in plea bargaining. *Cf. Brady v. United States*, 397 U.S. 742, 751 n.8, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747, 758 (1970). We cannot agree. Although this court has consistently reaffirmed the right of the prosecutor to bring a heavier charge in the event that the accused reneges on his bargain (*see United States v. Preciado-Gomez*, 529 F.2d 935, 939 (9th Cir. 1976); *Gerard, supra*, 491 F.2d at 1305–06), no plea bargain was entered into in the present case. Moreover, in view of the clear mandate of *Pearce* and *Blackledge*, we find no merit in appellee's suggestion that the power of the prosecution to adjust the charges against an

---

**3.** In *Gerard* the court ordered the District Court to dismiss a new count charging the appellant with carrying a firearm during the commission of the crimes charged in the original indictment. The court held that it was not enough that there was ample evidence that the appellant had in fact used a firearm since that evidence was known to the prosecution from the outset.

**4.** Since the record in our present case is devoid of any new relevant evidence, there is no need to speculate on the sort of evidence that might justify an increased charge. The Supreme Court has made it clear that *Pearce* and *Blackledge* would not apply if the prosecution could show that it was impossible to proceed on the more serious charge in the beginning. For example, if the victim of an assault has died since the return of the first indictment, a subsequent indictment may properly charge the accused with murder rather than assault. *Blackledge, supra*, 417 U.S. at 29 n.7, 94 S.Ct. at 2103, 40

L.Ed.2d at 635. It has also been suggested that when the prosecution, through no fault of its own, was unaware of facts required for an indictment for the more serious charge, the increased charge may be justified after the prosecution has learned of the new facts. *See Jamison, supra* note 1, 505 F.2d at 416–17.

**5.** Hence, we need not now decide whether, as appellant contends, he was constitutionally entitled to a jury trial.

**6.** It is of no consequence that appellant exercised his statutory right to be tried by a district judge at the outset of the proceedings against him rather than challenging his conviction on appeal as did the defendants in both *Pearce* and *Blackledge*. These cases have never been so confined. *See Jamison, supra* note 1, 505 F.2d at 416 (retrial after a successful motion for a mistrial); *Gerard, supra*, 491 F.2d at 1304–07 (retrial after guilty plea withdrawn).

accused at will inheres in its power to engage in plea bargaining.

The judgments of conviction are reversed, and upon remand the District Court will dismiss the indictment.

REVERSED AND REMANDED.