**UNITED STATES of America**

v.

**Daniel A. DeJAMES and Donald J. Modenbach.**

No. C–CR–86–17.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Aug. 1, 1986.

As Amended Aug. 27, 1986.

Max O. Cogburn, Asst. U.S. Atty., Asheville, N.C., for U.S.

Grant Smithson, Charlotte, N.C., for defendant Modenbach.

Max P. Engel, Miami, Fla., Dale S. Morrison, Charlotte, N.C., for defendant DeJames.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon the separate Objections of Defendants Daniel A. DeJames and Donald J. Modenbach, filed June 5, 1986, and June 9, 1986, respectively, to the Magistrate's Memorandum and Recommendation of May 28, 1986.

This matter first came before the Magistrate upon Defendants' Motions to dismiss the Superseding Indictment and Defendant Modenbach's Motion to dismiss Count One of the Indictment.

After considering the evidence and arguments of counsel presented at an evidentiary hearing held on May 13, 1986, the Magistrate found that the Defendants were originally indicted along with three others on 13 counts of violating the Controlled Substance Act. Defendant DeJames was charged in Count One and Three with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846. Defendant Modenbach was charged in the Count One conspiracy and, in Count Two, with possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

The Defendants subsequently filed a number of pretrial motions. On March 3, 1986, Defendant DeJames filed a Motion for a bill of particulars which the Magistrate denied by an Order dated March 13, 1986. On March 14, 1986, Defendant Modenbach filed a Motion for a bill of particulars; on March 18, 1986, the Magistrate determined that a comparison of Counts One and Three strongly suggested that an error had been made in Count One and ordered the United States Attorney to review the indictment for accuracy and advise the Court whether the Government would seek a superseding indictment to correct the errors. As a result of the Mo-

tion of Codefendant, John Masters, to dismiss the conspiracy charges in Count One, or alternatively, to require the Government to elect between Counts One and Three, the Magistrate ordered the Government to show, by March 24, 1986, that there were, in fact, two conspiracies.

The Government obtained an extension until March 26, 1986 in which to respond to the Magistrate's Orders. By March 25, 1986, this Court's plea agreement deadline, Defendants DeJames and Modenbach chose to go to trial instead of entering pleas as their Codefendants had. On March 26, 1986, the Government filed a Notice of Intention to Seek a Superseding Indictment, stating its purpose was to correct factual errors in Count One and to provide greater specificity in the charges based on information gained by the Codefendants who would be pleading guilty.

Assistant United States Attorney Kenneth Bell became involved in this case after the original Indictment had been returned. Bell reviewed the file just enough to draft proposed plea agreements because this case along with five others had suddenly been assigned to him. Bell asked the Court to extend his time to respond to its March 17 and March 18 Orders until after the plea agreement deadline so that he could avoid unnecessary work if all the Defendants pleaded guilty. When he filed his Notice of Intent to File a Superseding Bill, Bell expected to attain greater specificity in the charges from interviewing the three Codefendants who were pleading guilty. In reviewing the file and interviewing the three Codefendants to prepare a new indictment, Bell decided that the conspiracy charges in Count One were erroneous. Bell determined that there was only one conspiracy and that there was a clear intent to bring in far over 1,000 pounds of marijuana.

A Superseding Indictment was filed on April 9, 1986 charging Defendant Modenbach in Count One with conspiracy to possess with the intent to distribute more than 1,000 pounds of marijuana, in violation of 21 U.S.C. § 846, and, in Count Two, with possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Defendant DeJames was charged in the Count One conspiracy and in Counts Two through Six with knowingly and intentionally aiding and abetting in violation of Title 21 U.S.C. § 2. The conspiracy charge in Count One of the Superseding Indictment carries a maximum penalty of 15 years imprisonment and a $125,000 fine, as opposed to the maximum penalty of five years imprisonment and $15,000 fine carried by the conspiracies in Counts One and Three of the original Indictment.

The Defendants Motions are premised on their contention that the enhanced charges against them resulted from prosecutorial vindictiveness on account of their not pleading guilty and seeking a jury trial and because of the Motion for a bill of particulars. They cite *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to support their argument that the sequence of events in this case gives rise to a presumption of vindictiveness. The Government, on the other hand, argues that under *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), no presumption of vindicteness arises in this case and that evidence of actual vindictiveness must be shown by the Defendants before they are entitled to the relief sought.

The Magistrate concluded that the *Goodwin* case was analogous to this one in that the Court in *Goodwin* found no justification for invoking a presumption of vindictiveness in a pretrial setting, such as in this case, where the nature of the right asserted, such as a refusal to plead guilty or motion for a bill of particulars, as in this case, is insufficient to warrant a presumption of vindictiveness. The Magistrate concluded that the rights exercised by these Defendants are expectable ones at this stage of a criminal proceeding and are not so burdensome upon the Government to warrant a presumption of vindictiveness. The Magistrate went on to determine that

442

the evidence did not show actual prosecutorial vindictiveness in this case and, therefore, denied the Defendants' Motions.

Defendant DeJames objects generally to the entire Memorandum and Recommendation and makes numerous specific objections:

(1) That the findings of fact fail to note that DeJames had joined in the Motion of Codefendant Modenbach to dismiss count three of the original Indictment or, alternatively, to require the Government to elect between counts one and three;

(2) That the findings of fact fail to show that DeJames was originally charged in only two counts;

(3) That the factual findings fail to note that DeJames filed a Motion for Relief From a Superseding Indictment on March 18, 1986, prior to the Government's obtaining a Superseding Indictment on April 9, 1986;

(4) That the factual findings fail to show that Assistant United States Attorney Kenneth Bell testified he did not learn any significant new information from the three Codefendants who entered plea agreements and that the information available to the Government at the Superseding Indictment was the very same information the Government had at the time of the original Indictment;

(5) That the factual findings fail to show that the Government did not allege in the Superseding Indictment charges with any greater specificity;

(6) That the factual findings fail to show that although the Government claimed on March 26, 1986 that greater specificity was its reason for seeking a Superseding Indictment, greater specificity was not a basis for a new Indictment with respect to DeJames in that the Magistrate had already ruled adversely on DeJames' Motion for a Bill of Particulars;

(7) That the factual findings failed to show that Assistant United States Attorney Kenneth Bell's active involvement in this case had been for a signif-

icant time prior to his seeking a Superseding Indictment;

(8) That the factual findings fail to show that DeJames faced, in addition to a more serious charge, more charges under the Superseding Bill of Indictment;

(9) That the legal conclusions fail to state that the March 26, 1986 Notice of Intention to seek the Superseding Indictment was not a significant nor proper response to the March 17, 1986 Order;

(10) That the legal conclusions failed to state that 28 U.S.C. § 636(b)(1)(C) caused the Magistrate's Order of March 17, 1986 to become effective on April 26, 1986 unless the Government filed objections with this Court;

(11) That the legal conclusions are in error in finding that this case is analogous to *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) because:

(a) There are multiple Defendants in this case and the Government responded vindictively against only those Defendants who exercised their constitutional right to a trial by jury and only after the date for filing plea agreements had expired, while *Goodwin* dealt with only a single defendant;

(b) The Superseding Indictment has not stated the Government's position more accurately than the original Indictment;

(c) DeJames has been charged more severely and more charges have been brought against him in the Superseding Indictment; and

(d) The Government has failed to carry out any of its alleged intentions as filed with the Court on March 26, 1986 with respect to the Superseding Indictment, but has used the Superseding Indictment to avoid procedural problems raised by the Defendants and to subject those Defendants to a more severe exposure.

Defendant Modenbach adopts and incorporates Objections 4, 5, 7, 9, 11(a), 11(b), 11(c), and 11(e) which are contained in the

Objections of Defendant DeJames, filed June 5, 1986.

Modenbach makes additional objections to the Magistrate's legal conclusions:

(1) The Magistrate improperly determined that no vindictiveness arose when the prosecution indicted Defendant on enhanced conspiracy charges in that the new Indictment does not achieve the intended goals or purposes set forth in either the Magistrate's Order of March 18, 1986 or the Government's Notice of March 26, 1986 to seek a superseding bill, namely, to correct certain factual errors in Count One of the original Indictment and to state the charges with greater specificity.

(2) The Magistrate improperly relied on *United States v. Gallegos-Curiel,* 681 F.2d 1164 (9th Cir.1982) in determining that the Government's decision to charge Defendant Modenbach with the enhanced conspiracy charge was not vindictive because "a prosecutor may simply wish to state the government's position more accurately." The Government's failure to achieve the goal of greater specificity belies such a position.

(3) The Magistrate's reliance on *United States v. Banks,* 682 F.2d 841 (9th Cir.1982) is misplaced because in that case a new indictment was necessary for the prosecution of the defendant while in this case Defendant Modenbach could have been prosecuted on the original charges in the first Indictment.

(4) The Magistrate incorrectly determined that Defendant Modenbach's disadvantaged trial strategy was irrelevant to the issue of prosecutorial vindictiveness because it was Defendant Modenbach's exercise of his rights that increased the possibilities of enhanced punishment by the Government's obtaining an enhanced conspiracy charge. The Defendant's disadvantaged trial strategy position was, indeed, the direct result of prosecutorial vindictiveness.

(5) The Magistrate improperly relied on *Fardella v. Garrison,* 698 F.2d 208 (4th Cir.1982), *United States v. Corbitt,* 675 F.2d 626 (4th Cir.1982), and *Rowe v. Grizzard,* 591 F.Supp. 389 (E.D.Va.1984) to support the conclusion of no prosecutorial vindictiveness. Those cases are distinguishable from this case in that *Fardella* dealt with contested administrative decisions regarding parole release, *Corbitt* dealt with new evidence and a concommitant new indictment and *Rowe* involved a new indictment which was not triggered by a magistrate's order requesting a correction of perceived errors in the original indictment.

It is settled law that a person may not be punished for exercising a constitutional right. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). A Motion to dismiss for vindictive prosecution which involves an alleged threat by the prosecution during the pretrial settling to increase charges should the Defendant refuse to plead guilty and insist upon a jury trial falls within *Goodwin, supra;* in such a case, and the Defendant must allege and show actual vindictiveness. *See also Bordenkircher, supra.* The presumption of vindictiveness arises where the circumstances "pose a realistic likelihood of vindictiveness," *United States v. Ruesga-Martines,* 534 F.2d 1367, 1369 (9th Cir.1976), such as where the defendant has made a successful appeal and the prosecutor has reindicted the defendant and increased the severity of the charge.

The Court is of the opinion that the Magistrate was correct in her reliance upon *Goodwin* and her conclusion that no presumption of vindictiveness existed. Accepting Defendants' objections to the factual findings for the purposes of analysis, the Defendants still have not shown actual vindictiveness. Consequently, the Court is of the opinion that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consist-

ent with current case law. Accordingly, the Court hereby accepts the Magistrate's Recommendation that the Motions to dismiss be *DENIED*.

IT IS, THEREFORE, ORDERED that Defendants' Motions to dismiss be, and the same hereby are, *DENIED*.

The Clerk is directed to certify copies of this Order to defense counsel and the United States Attorney.