**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
VERONICA OCHOA-VALENZUELA,
wife, for themselves and for and on behalf
of the minor children, Cesar Francisco De
Viana Ochoa and Kevin Aljandro De Viana
Ochoa,

         Plaintiff-Appellant,

  v.

FORD MOTOR COMPANY INC.,

         Defendant-Appellee.
</td><td>
No.   15-16388

D.C. No. 4:10-cv-00156-RCC

MEMORANDUM[*]
</td></tr>
</table>

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Argued and Submitted February 1, 2017
University of Arizona – Tucson, Arizona

Before:  LEAVY, MURGUIA, and FRIEDLAND, Circuit Judges.

Veronica Ochoa-Valenzuela, on behalf of herself and her minor children,

sued Ford Motor Company in connection with a single-car rollover accident

involving a 2000 Ford Focus.  She asserted claims for strict products liability and

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

negligence. After a mistrial because of a hung jury and a second trial lasting sixteen days, the jury returned a verdict for Ford. Ochoa appeals the judgment of the District Court for the District of Arizona and the order denying her Rule 59 motion for a new trial. Ochoa asserts the following challenges: 1) several of the district court's pre-trial and trial evidentiary rulings were erroneous and prejudicial; 2) the district court abused its discretion in instructing the jury on the standard of care; and 3) the district court erred in granting partial summary judgment as to the claim for punitive damages.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts, so we do not repeat them here.

A. Evidentiary Rulings

  1. Cross-examination of expert witnesses

Ochoa argues that the district court admitted inadmissible hearsay during cross-examination of one of her expert witnesses, Brian Herbst, by allowing him to be questioned about an opinion his business partner stated during a deposition in an unrelated case. Ochoa simultaneously contends that the district court erred by not

---

[1] We reject Ford's contention that Ochoa's opening brief wholly fails to satisfy Fed. R. App. P. 28 such that we should strike her brief and dismiss the appeal.

allowing her counsel to question one of Ford's experts using the deposition testimony of an expert in another unrelated case. Ford argues that its cross-examination of Herbst about his business partner's opinions was permissible because Herbst had relied on them in forming his own opinions, and because the questions were impeachment and intended to show bias or prejudice.

The record shows that neither party's expert had relied on the testimony of either out-of-court witness to form his expert opinion in this case. *See* Fed. R. Evid. 703. There is also no hearsay exclusion or exception applicable to this situation. *See* Fed. R. Evid. 801, 802, 803. Indeed, Ford concedes that Rule 803(18) is inapplicable. While inquiry into the existence of bias or prejudice of an expert is permitted, *United States v. Preciado-Gomez*, 529 F.2d 935, 942 (9th Cir. 1976), the use of testimony from another expert who did not testify in this trial constitutes admission of inadmissible hearsay. *See In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1012 (9th Cir. 2008). The district court, therefore, did not err by precluding examination about another expert's contradictory testimony during Ford's expert's trial testimony. On the other hand, the district court abused its discretion by allowing Ochoa's expert to be asked about a conflicting opinion stated by his business partner, where it had not been

3

established that the testifying expert had endorsed or adopted the partner's opinion.

Even though the district court committed error, reversal is not warranted because the error was harmless. *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003) ("A reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict." (quoting *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001)). In this particular case, the out-of-court deposition testimony was not admitted into evidence during the trial. Inquiry into the partner's opinion was limited to a very small portion of Herbst's cross-examination, and Herbst was allowed to explain why and how he held an opinion that appeared to differ from that of his partner. Finally, the "impeached" roof-strength opinion was not the cornerstone of Herbst's expert testimony.

During closing argument, defense counsel challenged Herbst's credibility and made reference to his partner's out-of-court opinion. Although it was inappropriate for counsel to suggest that the partner had expressed an opinion in this case, this fleeting reference to the partner's opinion was harmless. Herbst had expressed various opinions at trial—opinions not limited to roof strength, but also about roof design, roof testing, and the foreseeability of Ochoa's injuries. There is

4

no indication in the record that Herbst's testimony or his business partner's opinion was discussed at length by defense counsel during closing arguments. Ochoa also had another expert, Carley Ward, who testified about causation and roof crush. On this record, we cannot conclude that, had the partner's opinion testimony been excluded, it would have altered the result of the trial.

     2. Exclusion of an expert

The district court excluded the expert testimony of Ochoa's federal safety standard expert, Allan Kam, as not relevant. We review for abuse of discretion the exclusion of expert testimony. *United States v. Benavidez-Benavidez*, 217 F.3d 720, 723 (9th Cir. 2000). On appeal, Ochoa argues that Kam, a former government lawyer, would have offered testimony relevant to the applicable federal safety standard and how the federal agency charged with issuing the standard created it. We find no abuse of discretion in the district court's exclusion of Ochoa's expert testimony regarding the federal safety standards.

"The relevancy bar is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995)). Ochoa argues that the

5

exclusion of Kam's testimony prevented her from presenting "a realistic view" of the applicable federal safety standards, and permitted Ford to create the false impression that formal compliance with federal standards meant the vehicle was reasonably safe. This was not a case of minimal compliance, however—the roof of the car had more than double the strength required by the federal standard. Ochoa had an engineering expert who emphasized his opinion that the standard was insufficient. We hold that the district court did not abuse its discretion in excluding Kam's testimony because its probative value was substantially outweighed by the waste of time that would be involved.

3. Exclusion of documents and testimony

Ochoa contends that the district court abused its discretion by excluding three Ford documents from the 1960s. The district court excluded these documents as irrelevant. According to Ochoa, these three documents are indisputably relevant and should have been admitted to show, among other things, that strong roofs protect vehicle occupants from severe injury better than a weak roof. The district court acted within its discretion by excluding these exhibits because they were not probative of whether the 2000 Ford Focus was defective. *See* Fed. R. Evid. 402.

6

Ochoa next contends that the district court erred by excluding evidence that demonstrated what Ford knew after the vehicle's manufacture in 2000. Given Ochoa's failure to direct the court to the specific rulings that prevented her from introducing any testimony and all but one "post-2000" document, we cannot say that the district court committed reversible error. It is impossible to determine whether the evidence should have been admitted or excluded without understanding what the documents or testimony were offered to prove. Because Ochoa did not support her post-2000 evidentiary arguments with adequate citations to the record, we deem these arguments waived. *See Alaskan Indep. Party v. Alaska*, 545 F.3d 1173, 1181 (9th Cir. 2008) ("Because Appellants have provided no citation to the record or support for their claim [], we hold that this argument is waived."); *see also* Fed. R. Evid. 103(a)(2) (to claim an evidentiary error on the basis of excluded evidence, a party must inform the court of its substance by an offer of proof, unless the substance was apparent from the context).

Ochoa directed the court to the exclusion of a 2008 study authored by the Insurance Institute for Highway Safety. Here, Ochoa's primary argument is that the district court had allowed the study to be read to the jury during the first trial (which resulted in a mistrial), but clearly erred by excluding it in the second trial.

Although the district court ruled differently on the same piece of evidence between trials, the district court did not abuse its discretion by excluding a study that does not address the product at issue or whether it was unreasonably dangerous, even at the time of trial. We need not decide whether the district court ruled correctly in the first trial.

B. Jury Instructions

Ochoa's contentions regarding the district court's refusal to give a special jury instruction about the standard of care are without merit. We review civil jury instructions for abuse of discretion. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 860 (9th Cir. 1999). The district court fairly and adequately covered the standard of care in its instructions to the jury, correctly stated the law, and provided jury instructions that overall were not misleading. *See id.*; *see also Dart v. Wiebe Mfg., Inc.*, 709 P.2d 876, 883-84 (Ariz. 1985) (in banc).

C. Punitive Damages

Because we find no error requiring reversal, we need not reach the issue of whether the district court correctly granted partial summary judgment on the issue of punitive damages.

**AFFIRMED.**