Paul Elmer HEBBLE, Appellant,

v.

UNITED STATES, Appellee.

No. 4994.

District of Columbia Court of Appeals.

Argued Sept. 22, 1969.

Decided Oct. 15, 1969.

484

Richard Dryden Burke, Washington, D. C., for appellant.

John D. Aldock, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and Roger E. Zuckerman, Asst. U. S. Atty., were on the brief, for appellee. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

KERN, Associate Judge.

Appellant was convicted by a jury of attempted burglary in the second degree. D. C.Code 1967, § 22–103, § 22–1801 (Supp. II, 1969). There was evidence that appellant was found in the warehouse of Parson's Paper Company at 2:15 on the morning of December 26th. Desk drawers in several of the offices on the second story of the building were open, papers were scattered on the floor, and two typewriters and an adding machine were on the floor in a hallway. Appellant testified that he had been drinking beer that evening in a bar, and that was the last thing he remembered before being found by the police in the warehouse. He further testified that after being taken to the police station, he had experienced hallucinations and trouble focusing his eyes.

Appellant argues that the evidence was insufficient to support his conviction for

attempted burglary, that the court's instruction over objection that unlawful entry, D. C.Code 1967, § 22–3102, is a lesser included offense within attempted burglary was error and that there should have been a clearer instruction on the intent necessary for attempted burglary. Lastly, appellant contends that statements by the trial judge prior to sentencing appellant to 180 days indicated that he was basing the sentence upon appellant's lack of remorse, a practice contrary to the rule announced in Scott v. United States, D.C.Cir., U.S.App.D.C. (No. 20,954, decided Feb. 13, 1969).

▆▆ Appellant specifically questions whether the Government's evidence can support the finding by the jury that he entered the building "with intent * * * to commit any criminal offense" which is required for a conviction for burglary or attempted burglary. After a careful review of the record, we are unable to conclude that denial of appellant's motion for a directed verdict of acquittal was error.[1] The circumstances under which appellant was found in the warehouse certainly permit an inference of intent to commit a crime to be made by the jury and to be believed by them, beyond a reasonable doubt.

▆▆ We hold that the instructions by the trial court were correct. In Stewart v. United States, 116 U.S.App.D.C. 411, 324

F.2d 443 (1963), unlawful entry was held to be included in the offense of housebreaking, D.C.Code 1967, § 22–1801, the precursor of the present § 22–1801 entitled "Burglary". There is nothing in the statutory revision to indicate that *Stewart* is not still applicable under the present law. If anything, *Stewart* has been reinforced by this court's ruling in McGloin v. United States, D.C. App., 232 A.2d 90 (1967) that no showing of warning to keep out by the owner need be made for conviction of unlawful entry provided the building under the circumstances is not one open to the general public. Thus, except for the requirement of intent to commit a crime, unlawful entry is substantially identical to and hence a lessor included offense of burglary in the second degree. In any event, the jury convicted appellant of the more serious crime of attempted burglary. Therefore, no demonstrable prejudice resulted even assuming the unlawful entry instruction was incorrect.

▆▆ Appellant's counsel made no objection at trial to that part of the instructions given by the court dealing with intent necessary for attempted burglary.[2] We believe that the instructions as a whole adequately conveyed to the jury the necessity of finding the specific intent to commit a crime within the building in order to sustain a conviction on the attempted burglary charge.

1. In order to grant a defendant's motion for a directed verdict, the trial judge must find that "reasonable jurymen *must necessarily* have a reasonable doubt" about defendant's guilt. Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967) (emphasis added).

2. The instruction given was:
    You are instructed that the District of Columbia code provides that: Whoever shall * * * enter * * * any dwelling, bank, store, warehouse * * * with intent * * * to commit any criminal offense, shall be guilty of burglary.
    Now, this defendant is not charged with Burglary, he is charged with Attempted Burglary.

    You are instructed that an attempt consist[s] of an act which is done with the intent to commit a particular crime. * * *
    [There follows a general instruction on how to determine intent.]
    *    *    *    *    *
    If you find that the defendant was in the premises alleged, but he did not have the intent to commit any criminal offense therein, then you are entitled to consider another offense known as Unlawful Entry.
    *    *    *    *    *

    * * * If you find that there was no intent to commit a criminal offense in that building, then you are entitled to consider the second charge, which is Unlawful Entry.

Appellant's final contention concerns the motivations of the trial judge in reaching his sentencing decision. After the return of the jury verdict, the judge offered both counsel and appellant the right to speak. Appellant stated:

> There is nothing I can say. I am innocent, I didn't even go in there with the intention of taking anything. What's more, I am innocent and I shouldn't get punished at all.

Then, a little later, there followed this colloquy:

> THE COURT: Is he on bond?
>
> [APPELLANT'S COUNSEL]: He is on personal bond.
>
> THE COURT: You see, he hasn't felt anything at all. His sentence is 180 days.
> * * *

Appellant contends that this portion of the transcript demonstrates that the judge made lack of remorse the basis of sentencing, contrary to Scott v. United States, *supra.* While appellant's interpretation of "he hasn't felt anything" as indicating a reference to his declaration of innocence is a plausible one, it seems equally possible that the judge was referring to the fact that appellant had not been incarcerated prior to trial. The lack of certainty in this record as to the judge's thoughts during sentencing can be sharply contrasted to the situation in *Scott. See also* Thomas v. United States, 368 F.2d 941 (5th Cir.1966) (ultimatum given defendant to admit guilt); Miler v. United States, D.C.App., 255 A.2d 497 (1969). As the court noted in *Scott:* [Slip opinion, pp. 4–5]

Here the trial judge explained in some detail the reasons for which the sentence was imposed. He stated repeatedly throughout the hearing that he did not believe the exculpatory testimony the appellant had given at trial. And at one point the judge indicated that he was influenced as well by the fact that the appellant had insisted upon a trial in the first place:

> *      *      *      *      *      *

The judge himself then commented upon his reactions to defendants found guilty by the jury who continued to assert their innocence at allocution.

We cannot find the same clarity of motivation in the record before us.[3] The judgment of the trial court is

Affirmed.

3. Appellant points to remarks made by the trial judge at the time of sentencing of the defendant in another criminal case heard prior to the instant case, the transcript of which is contained in the record before us. We think that transcript is not properly before us in view of the fact that it was not designated by appellant as a part of the record of this case. Appellant's object in referring to

it is to show that a defendant who pleaded guilty, and thereby admitted guilt, was treated with more leniency by the trial judge than a defendant who insisted through sentencing, as appellant did, that he is innocent. Even assuming *arguendo* that we can properly consider this transcript, we do not think it supports the inference appellant seeks to draw.