**Charles L. SMITH, III, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10893.**

District of Columbia Court of Appeals.

Argued Feb. 22, 1977.

Decided Nov. 17, 1977.

Edward R. Leahy, Washington, D. C., appointed by this court, for appellant.

Joel S. Perwin, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Mark H. Tuohey, III, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

Appellant appeals his conviction on a charge of arson, D.C. Code 1973, § 22–401, asking us to reverse and dismiss the indictment for lack of a speedy trial. We hold that appellant was not denied his constitutional right to a speedy trial and affirm the conviction.

Appellant was arrested on December 21, 1974, the day of the arson. Two days later, he was presented to the Superior Court, and counsel was appointed. Unable to meet bond, appellant remained in custody until his arraignment on April 18, 1975, when he was released to third-party custody. Trial was set for June 25, 1975. Because of court congestion, trial was rescheduled for November 12, 1975. Unavailability of government counsel caused a further delay until

January 15, 1976. When that day was declared a holiday in memory of Dr. Martin Luther King, Jr., the trial was further postponed until March 22, 1976. On that date the trial court denied appellant's motion to dismiss the indictment for lack of a speedy trial, appellant's only assertion of that right since his arrest. At trial appellant attempted to establish an alibi, but his only witness (other than himself) was unable to remember when the events which would have established the alibi occurred or to identify appellant.

■ The delay of fifteen months between arrest and trial presents sufficient merit to appellant's claim, *United States v. Holt*, 145 U.S.App.D.C. 185, 186, 448 F.2d 1108, 1109, *cert. denied*, 404 U.S. 942, 92 S.Ct. 292, 30 L.Ed.2d 257 (1971), to trigger our review in accordance with the standards of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See id.* at 530, 92 S.Ct. 2182. We, therefore, consider the reasons for delay, the timeliness of the assertion of the right, and the prejudice to appellant in addition to the length of delay. *Id.*

Although none of the delay in this case is attributable to appellant, neither is there any delay due to factors other than the normal administrative difficulties under which our criminal justice system labors. The congestion of court calendars and the personnel limitations of the prosecutor's office, while regrettable, do not constitute a "deliberate attempt to delay the trial in order to hamper the defense . . . ." *Id.* at 531, 92 S.Ct. at 2192. Such factors weigh less heavily against the government.

■ The fifteen-month delay in this case is "presumptively prejudicial" to the extent of appellant's incarceration for four months, and his anxiety and concern pending trial. *See id.* at 530, 532, 92 S.Ct. 2182. Such subjective prejudice is not susceptible of proof. It is, however, rebuttable, for "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532, 92 S.Ct. 2182, 2193. Appellant's failure to assert his right during the entire course of the fifteen-month delay is probative of the extent of his anxiety and concern. At none of the proceedings at which trial was postponed did appellant ever suggest that he desired a speedy trial. During one such proceeding, in fact, the court asked appellant's counsel for "any suggestions" concerning recalendaring and was met with silence. Under these circumstances, we give little weight to presumed prejudice.

■ Appellant, however, asserts that he was demonstrably prejudiced by the memory failure of his witness. While it is presumed that memory will fade with the lapse of time, it is not clear that a lapse of three months is less harmful than a lapse of six, nor six less than twelve. The value of appellant's witness was known to him immediately, and appellant could have taken steps to preserve this witness' memory. Instead, the witness testified that he was first questioned, by appellant's counsel, during the summer of 1975, approximately six months after the offense. Until that time, the witness testified, "I never thought of it, and I never placed it in my mind that anything would occur . . . ." Appellant may not predicate prejudice upon his own failure to enlist the aid of a witness until his memory has faded. *See United States v. Parish*, 152 U.S.App.D.C. 72, 79, 468 F.2d 1129, 1136 (1972).

■ Appellant suffered no demonstrable prejudice from the delays in the case, and the presumption of prejudice is severely weakened by appellant's failure to assert his right to a speedy trial. Under these circumstances, a governmental delay of fifteen months due to administrative constraints does not warrant the drastic sanction of dismissal of indictment. Appellant's conviction is, therefore,

*Affirmed.*