William M. JEFFERSON, Appellant,

v.

UNITED STATES, Appellee.

No. 10273.

District of Columbia Court of Appeals.

Argued Dec. 8, 1976.

Decided Feb. 6, 1978.

---

8. We have examined the remaining contentions of appellant and conclude they are without merit.

Surell Brady, Public Defender Service, Washington, D. C., for appellant.

Douglas J. Behr, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, and Tobey W. Kaczensky, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

Appellant asks this court to dismiss an indictment upon which he was convicted of armed assault with intent to kill, assault with intent to commit robbery while armed, and possession of a prohibited weapon.[1] We are asked to hold that delays between appellant's arrest and presentment, between the offense and indictment, and the overall delay between his arrest and trial constitutionally require dismissal. Alternatively, we are asked to dismiss the indictment in the exercise of our supervisory powers. D.C.Code 1973, § 11–102. We find no constitutional infirmity and decline, as inappropriate in this case, to otherwise dismiss. The judgment of conviction is affirmed.

Appellant was arrested during the night of October 3, 1974, and was taken to a hospital for treatment of a gunshot wound apparently received during the attempted robbery of a liquor store earlier that evening. He was later transferred to the jail hospital, where he remained until released into the general jail population on November 27, 1974. As a result of the arrest, his parole was revoked on a prior conviction, and he was transferred to Lorton prison. On January 14, 1975, appellant was presented to a United States Magistrate on charges of possession of a sawed-off shotgun which was used in the attempted robbery and

---

1. D.C.Code 1973, §§ 22–501, –3202, and –3214(a).

found abandoned. No charges were preferred before the Superior Court. On June 27, 1975, appellant was arraigned on a Superior Court indictment returned on June 23, 1975, charging the crimes for which he was convicted. New counsel was appointed at that time. Trial was set for August 29, 1975, but was delayed until October 9, 1975, to permit appellant to move, for the first time, to dismiss the indictment on the grounds asserted here.

■ Appellant asserts that he was denied his Sixth Amendment right to a speedy trial. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), requires that we weigh the length of the delay, the reasons for the delay, the timeliness of the accused's assertion of his rights, and the prejudice to the accused in determining whether a delay justifies dismissal of an indictment. The period between arrest and trial in this case was slightly more than one year, but not all of that year is chargeable as delay either to the government or to the judicial system.[2] To the extent that this period of time was so chargeable, there is no evidence that delay was due to anything more culpable than administrative neglect. Nor is appellant's claim enhanced by a timely demand for trial, although absence of that demand does not necessarily weigh against him. During the entire period from presentment on the federal charge until arraignment on the Superior Court indictment, appellant was represented by counsel. At no time did he demand that the federal charge be presented to a grand jury, as he may have done under U.S.Dist.Ct.(D.C.) R. 2–7(b)(3). Not until the day set for trial did appellant assert his right to a speedy trial, and then only in a claim that it had been denied. And the fact of appellant's incar-

ceration, of itself, does not put the government on notice of an implied demand for a speedy trial where incarceration was the result of parole revocation and would not have been affected by a speedy acquittal. *Cf. Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) (incarceration coupled with repeated demands for speedy trial); *Branch v. United States,* D.C.App., 372 A.2d 998 (1977) (incarceration due solely to charges upon which accused was to be tried).

■ The length of delay may be "presumptively prejudicial." *Barker v. Wingo, supra,* 407 U.S. at 530, 92 S.Ct. 2182. *See also Branch v. United States, supra; United States v. Holt,* 145 U.S.App.D.C. 185, 186, 448 F.2d 1108, 1109 (1971) (Leventhal, J., separate opinion). Such a "presumption" of prejudice is, however, rebuttable. *Smith v. United States,* D.C.App., 379 A.2d 1166 (1977). To the extent that prejudice may be presumed from the fact of incarceration, the parole revocation breaks the nexus between the delay and the prejudice. And to the extent that prejudice may be presumed from the existence of unresolved charges with the attendant anxiety and concern, this inference is substantially weakened by appellant's failure to assert his right to a timely trial until almost ten months had elapsed, for "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker v. Wingo, supra,* 407 U.S. at 532, 92 S.Ct. at 2193.

■ Although appellant asserts actual prejudice in his inability to obtain the aid of certain witnesses,[3] we have before us only counsel's assertion that in June or July 1975, the testimony of these witnesses was

---

2. Seven weeks' delay was upon appellant's request. The trial court also found that the period of appellant's hospitalization, approximately eight weeks, was "neutral" time and not "chargeable" to the government. It is doubtful, however, that appellant's trial would have been less delayed absent his hospitalization. In the context of this case, we need neither approve nor disapprove this finding.

3. These witnesses, it is asserted, would have testified that, on the night of his arrest, appellant was so affected by his wounds that his statements to the police were involuntary as well as without the aid of counsel. Thus, appellant might have testified at trial without fear of impeachment. *See Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

lost.[4] It is not even asserted that any attempt was made to contact these witnesses between January, when counsel was first appointed, and June. Appellant cannot predicate prejudice upon his failure to commence his defense efforts until indictment where there is no assertion that either appellant or his counsel was unaware of the charges that would be brought or the facts out of which they arose.[5] *See Smith v. United States, supra.*

On balance, the delay and the reason therefor in this case, without a timely assertion of rights or significant prejudice to appellant, do not require the drastic sanction of dismissal of the indictment.

 Appellant also asserts that the delay of almost nine months between arrest and indictment denied him a fair trial in violation of the Fifth Amendment. But a due process claim is made "concrete and ripe for adjudication" not by a mere lapse of time but by "proof of actual prejudice". *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752, 759 (1977). While an unexplained lapse of time may result in prejudice where the accused is incarcerated, that incarceration must bear some relation to a governmental failure to properly process its claims against the accused to warrant dismissal of the indictment. Where, as here, the accused would have remained incarcerated either for breach of his conditions of parole or upon the federal charge, the requisite nexus between the wrong and the injury is lacking. *See United States v. Parish,* 152 U.S. App.D.C. 72, 79, 468 F.2d 1129, 1136 (1972).

Nor may dismissal of the indictment be predicated upon the delay by the government in presenting the appellant to the federal magistrate. Although appellant was without counsel for more than three months, there is no basis upon which the court could even speculate that lack of counsel was prejudicial. No formal pro-

ceedings were initiated during this period, *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), nor was unsuppressed evidence obtained from the accused, *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). Neither was it claimed that possible witnesses had disappeared or forgotten the facts by the time counsel was appointed. All we are told is that by June or July, more than four months after counsel was first appointed, counsel was unable to obtain the aid of certain witnesses. Such assertions do not raise colorable Fifth or Sixth Amendment claims.

The judgment of conviction is

*Affirmed.*

---

4. One witness, an ambulance driver, could not be found by counsel. Others, it is asserted, could not remember the events surrounding the night of appellant's arrest and hospitalization.

5. It is significant that the federal weapons charge was premised upon the use of the weapon in the attempted robbery and that appellant, with the advice of counsel, waived a preliminary hearing on that charge.