Joseph A. WYNN, II, Appellant,

v.

UNITED STATES, Appellee.

No. 11226.

District of Columbia Court of Appeals.

Argued March 16, 1978.

Decided May 12, 1978.

---

Gaillard T. Hunt, Washington, D. C., appointed by this court, for appellant.

Michael L. Lehr, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George, Ann P. Gailis, and Noel A. Kramer, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Steven D. Gordon, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before GALLAGHER, YEAGLEY and MACK, Associate Judges.

GALLAGHER, Associate Judge:

On April 17, 1975, appellant was charged with attempted second degree burglary[1] and released on his own recognizance. The case was set for trial on June 10 but was continued on that date for lack of trial judge availability. When the next trial date, August 6, arrived, it was again continued to October 10 because of the absence of a defense witness.

On August 25, appellant filed a motion to dismiss for lack of speedy trial or, alternatively, to advance the trial date. In his motion, appellant asserted his twenty-second birthday would arrive on August 30 and he would then lose the possibility of being sentenced under the Youth Corrections Act.[2] The speedy trial motion to dismiss was denied but the court granted the alternative request to advance the trial date. Trial was scheduled for August 29. When that date arrived, the government represented it could not locate one of its witnesses on such short notice. The trial judge thereupon dismissed the case without prejudice for want of prosecution. Approximately two months later, the government filed a new information charging the same offense, plus two new charges, viz., unlawful entry[3] and destroying private property,[4] emanating from the same evidence. He was conditionally released on $2,000 bond. Appellant filed a motion to dismiss for lack of speedy trial, among other grounds. This was denied. When the case was called for trial the government received a continuance because one of the police witnesses was ill. In two weeks, the case was called for trial and no judge was available to try it. Six days before the new trial date, appellant filed another motion to dismiss for lack of speedy trial. Upon certification for trial, the trial judge re-certified it to calendar control court due to the pendency of the motion.[5] The motion was heard and again

1. D.C.Code 1973, §§ 22–103, –1801(b).

2. 18 U.S.C. § 5006, et seq.

3. D.C.Code 1973, § 22–3102. Unlawful entry is a lesser included offense of burglary in the second degree. Hebble v. United States, D.C. App., 257 A.2d 483 (1969).

4. D.C.Code 1973, § 22–403.

5. This was purportedly done pursuant to Super. Ct. Cr. R. 47–I(e).

denied. Approximately fourteen months from the arrest, a jury trial took place and appellant was convicted of attempted burglary and destroying private property [6] and placed on probation.

Appellant contends (a) the conviction cannot stand as he established he was an innocent bystander and the government did not prove the charge beyond a reasonable doubt; (b) he was denied his right to a speedy trial; (c) he was erroneously denied the right to show he had no prior arrest record; (d) the prosecution should not have been allowed to add additional offenses to the information after the first information was dismissed, though without prejudice.

We need discuss only the contentions going to speedy trial and the addition of offenses after the dismissal of the first information.[7]

■ Our review of the record discloses the presentation of a close question, resulting from a disturbing series of delays, but the record does not require dismissal for failure to grant a speedy trial. Appellant was responsible for part of the delay. The case might have gone to trial in its early stages were it not for the absence of a defense witness, which resulted in a continuance of the trial date. The only substantial prejudice appellant alleges is that he was denied the possibility of Youth Act sentencing by the delays.[8] But appellant waited until a few days of his twenty-second birthday before bringing it to the attention of the court. The burden was on appellant to bring this factor to the attention of the court in a timely way. He likewise waited to file his third motion to dismiss for lack of speedy trial until six days before the scheduled trial date, thus necessitating a delay of the trial until the motion could be heard. See Super. Ct. Cr. R. 47–I(d). While assertion of the right to a speedy trial is an important factor, the assertion must be timely to be meaningful. *United States v. Jones*, 154 U.S.App.D.C. 211, 475 F.2d 322 (1972).

■ We take a dim view of the addition of new charges after the court dismissed the first information without prejudice. Appellant had early sought unsuccessfully a dismissal for failure to grant a speedy trial or, alternatively, an advance of the trial date. Shortly thereafter when the government was unable to produce a witness on short notice the information was dismissed without prejudice. For no apparent reason, and on the same factual situation giving rise to the first information, the government added two more misdemeanors [9] to the second information filed.

Because such tactics suggest an improper motive, we think the added charge of which he was convicted (destruction of private property) should be vacated. *See Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Jamison*, 164 U.S.App.D.C. 300, 505 F.2d 407 (1974). This is not to state that one may not be reindicted, or that a new information may not be filed before trial. This is not an uncommon practice. But where, as here, a defendant has sought dismissal of an information (or indictment) for failure to obtain a speedy trial and soon thereafter does in fact later obtain a dismissal under circumstances resembling failure to prosecute, we

---

6. During trial, the charge of unlawful entry was dismissed.

7. We have examined carefully appellant's contentions relating to insufficiency of the evidence and failure to permit him to show lack of a prior arrest record and conclude they are *without merit*. Appellant also has alleged other trial court errors, none of which finds support in the record.

8. He also alleges he was prejudiced by the fading of a defense witness' memory. Even if there were substance to this contention, we note the witness had earlier pleaded guilty to attempted burglary in connection with the same offense. Thus, "[t]he value of appellant's witness was known to him immediately, and appellant could have taken steps to preserve this witness' memory." *Smith v. United States*, D.C.App., 379 A.2d 1166, 1167 (1977).

9. As stated before, the charge of unlawful entry, a lesser included offense of burglary, was dismissed during trial.

believe the government would have been better advised to refrain from adding charges. The setting lent itself to be viewed as a manifestation of vindictiveness. An actual retaliatory motive need not exist. It is sufficient if the state of the record is such that it might create apprehension on the part of defendants that if they assert their right to a speedy trial there may be retaliation if the occasion presents itself. *Blackledge v. Perry, supra.*

The same conclusion was reached in a recent decision by the Ninth Circuit. *United States v. Groves,* 571 F.2d 450 (9th Cir. Feb. 15, 1978). There the defendant was indicted for marijuana smuggling shortly after he was successful in securing dismissal of a cocaine charge pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b). Both crimes grew out of the same factual situation. The court noted that the government had not sought the marijuana indictment until after the defendant had asserted his statutory right and held that the appearance of vindictiveness had not been dispelled by the government.

> We need not find that the prosecutor acted in bad faith or that he maliciously sought the marijuana indictment. The core of the *Blackledge, Pearce and Ruesga-Martinez* decisions is that it is the appearance of vindictiveness, rather than vindictiveness in fact, which controls. [571 F.2d at 453.]

We agree with this statement of the law. The government here has offered no adequate explanation for the addition of new charges arising from the same set of facts.[10] Accordingly, we vacate appellant's conviction for destroying private property.

10. Appellant initially raised this issue, *inter alia*, in support of his motion to dismiss the information. (R. at 67.) The government made no written response to this argument. On January 20, 1976, the trial court held a hearing on the motion. Without taking evidence or hearing argument from the government, the court summarily denied the motion to dismiss. On appeal, the government does not request that the record be remanded for further findings on the issue of vindictiveness. In its brief, the government offers that if we find the charges were improperly added, "the only relief that

*Remanded with instructions to vacate the judgment of conviction for destroying private property; and*

*The judgment of conviction for attempted burglary is affirmed.*

YEAGLEY, Associate Judge, concurring in part and dissenting in part:

Although I am in full agreement with the majority insofar as affirmance of appellant's conviction for attempted burglary is concerned, I must respectfully dissent from my colleagues' decision to remand for vacation of appellant's conviction for destroying private property.

Appellant was originally charged with attempted second-degree burglary, and, following a series of delays, obtained dismissal of that charge, without prejudice, for want of prosecution. The prosecution subsequently made appellant the subject of a second information, in which he was again charged with attempted burglary, and with two additional misdemeanors, including destroying private property.

The majority correctly observes that courts have viewed with suspicion the bringing of more serious charges based on the same facts in the second indictment following a remand. Such prosecutorial conduct gives rise to an inference of prosecutorial vindictiveness and has a potential chilling effect on a defendant's assertion of constitutional rights. As the majority notes, a line of cases, usually involving a remand for a new trial, and beginning with *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), have recognized this. In *Pearce,* the Court held

appellant may be entitled to is vacation of that conviction." Brief for Appellee at 31.

At no time, either in the trial court or in its brief on appeal, has the government offered an adequate explanation for adding the charges against appellant after assertion of the speedy trial demand. Furthermore, there is no indication whatsoever of any newly discovered evidence. Contrary to the dissenting opinion, we see no basis here for a remand to afford the government still another opportunity; and significantly, neither apparently does the government.

violative of due process an increased sentence upon reconviction following a successful appeal absent findings placed in the record by the sentencing judge requisite to rebut the presumption of judicial vindictiveness arising under such circumstances.

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628, (1973), the Court extended this rationale to prosecutorial conduct. There, respondent was charged with misdemeanor assault with a deadly weapon and was convicted after trial without jury in a County District Court. Under North Carolina law, respondent was afforded an appeal to Superior Court for a trial de novo; such an appeal annulled the District Court conviction. After filing his notice of appeal, respondent was indicted on felony charges addressing the same conduct which had given rise to the misdemeanor charge against him. The Court held this constitutionally impermissible, and stated that it was guided by the same considerations which underlay its holding in *Pearce*—the appearance of vindictiveness and a chill on a defendant's assertion of rights. This too was the basis for the court's holding in *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978), on which the majority correctly relies. *See also United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976).

I part company with my colleagues, however, with respect to their view that we should remand for vacation of appellant's conviction here on the second charge under the instant circumstances. I note that that charge required additional proof. The cases discussed above create a heavy presumption of improper prosecutorial motive arising from the rebringing of more serious charges on the same set of facts following dismissal of the original indictment or information. The authorities do not, however, preclude the prosecution from producing evidence to rebut this presumption. Although the Court did not discuss this in *Blackledge*, I think it noteworthy that in *Pearce*, in which judicial conduct was under scrutiny, the Court held that a sentencing judge could rebut the presumption by requisite findings

in the record. In both *United States v. Groves, supra*, and *United States v. Ruesga-Martinez, supra*, the Ninth Circuit predicated its decision on the prosecution's failure to meet its burden of rebuttal.

In the instant case, the majority apparently recognizes the right of rebuttal, and holds that the prosecution failed to satisfy this burden. Accordingly, the majority remands with instructions to vacate appellant's conviction on the additional charge. With all due respect, I fail to see how my colleagues can remand with such instructions where the prosecution has been afforded no meaningful opportunity to demonstrate that the additional charges were not improperly motivated. In so doing, the majority renders meaningless the very right it appears to recognize. The majority concludes, in note 10, that the prosecution has offered no adequate explanation for the additional charges. In both *United States v. Groves, supra*, and *United States v. Ruesga-Martinez, supra*, the Ninth Circuit examined and rejected with adequate discussion the prosecutorial explanations there offered.

In the instant case, I think we lack information necessary to impose so drastic a measure as the vacation of a judgment of conviction on an added charge involving additional facts. The bringing of new or additional charges is considered ordinarily to be a matter of prosecutorial discretion.[1] In my view we should remand for a hearing at which the prosecution is given an opportunity to satisfy its burden of showing that vindictiveness did not motivate it to bring the additional charges against appellant the second time around. The prosecution may, for example, establish that new evidence in support of the destroying private property charge came to its attention in the period between the first and second informations, or that a previously unknown witness came forward during this period. As such, the prosecution would be like the sentencing judge who, under *Pearce*, may demonstrate that he increased the sentence following reconviction due to some extrinsic, aggra-

---

1. *Cf. Bordenkircher v. Hayes*, —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

vating factor. I believe this is well within the letter and spirit of the cases on which both the majority and I rely, and I think that a reasonable balancing of the interests of due process and prosecutorial discretion requires that we do no less.