William D. HILL, Appellant,

v.

UNITED STATES, Appellee.

Nos. 83–426, 84–396.

District of Columbia Court of Appeals.

Argued Jan. 16, 1985.

Decided March 22, 1985.

Stephen G. Milliken, Washington, D.C., appointed by this court, for appellant.

Daniel S. Seikaly, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., and E. Lawrence Barcella, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK and ROGERS, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

These appeals challenge the trial court's determination that appellant had not been

denied the effective assistance of counsel in his prosecution on charges of first-degree murder and possession of a prohibited weapon. Following his conviction of each offense, and this court's affirmance on direct appeal, appellant, pursuant to D.C. Code § 23–110 (1981), filed a *pro se* motion to vacate his conviction and sentence.[1] He maintained in this motion that his Sixth Amendment right to effective assistance of counsel had been denied by trial counsel's failure to move the court to suppress an alleged "involuntary post-arrest statement." After a hearing on its merits, the trial court rejected appellant's claim and he appealed.[2] We have consolidated that appeal with a subsequent appeal which challenges the trial court's ruling on appellant's second § 23–110 motion.[3] In the latter motion, appellant made an additional ineffective assistance of counsel claim, urging that trial counsel's advice that he testify on his own behalf deprived him of his Fifth Amendment right to make an informed and intelligent decision. We have considered appellant's contentions and conclude they are without merit. Accordingly, we affirm.[4]

Until recently, it had long been this court's position that a defendant is deprived of his Sixth Amendment right to the effective assistance of trial counsel if "there has been gross incompetence of counsel and ... this has in effect blotted out the essence of a substantial defense." *Angarano v. United States,* 312 A.2d 295, 298 n. 5 (1973), *pet. for recon. denied,* 329 A.2d 453 (D.C.1974) (applying the standard enunciated in *Bruce v. United States,* 126 U.S.App.D.C. 336, 339–40, 379 F.2d 113, 116–17 (1967)); *see also Johnson v. United States,* 413 A.2d 499, 502 (D.C.1980). In *White v. United States,* 484 A.2d 553 (D.C. 1984), we had occasion to apply the new constitutional standard as set forth by the Supreme Court in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),[5] where it was said: "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland, supra,* —— U.S. at ——, 104 S.Ct. at 2064 (quoted in *White, supra,* 484 A.2d at 558). In more concrete terms, this requires a showing that counsel's performance was deficient, *i.e.,* unreasonable under the prevailing norms, and that such deficiency prejudiced the defense. *White, supra,* 484 A.2d at 558 (citing *Strickland, supra,* —— U.S. at —— – ——, 104 S.Ct. at 2064–65). "Prejudice" in this context connotes error "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (quoting *Strickland, supra,* —— U.S. at ——, 104 S.Ct. at 2064).

1. Appellant's motion was filed on July 30, 1982, following his conviction by a jury on September 30, 1975. The conviction was affirmed. *Hill v. United States,* 404 A.2d 525 (D.C.1979), *cert. denied,* 444 U.S. 1085, 100 S.Ct. 1042, 62 L.Ed.2d 770 (1980).

2. No. 83–426. Appellant was represented by appointed counsel at the hearing on his initial § 23–110 motion.

3. On December 2, 1983, this court granted appellant's unopposed motion to stay the proceedings to allow him to pursue additional claims under § 23–110. Appellant's second § 23–110 motion was filed on December 7, 1983, and denied by the trial court on March 21, 1984.

4. We find it necessary to discuss only those claims dealing with the alleged ineffective assistance of trial counsel. Appellant's argument that he was denied the opportunity to make an informed and intelligent decision whether to testify is baseless. We note that Lawrence H. Schwartz, appellant's trial counsel, testified at a hearing on the first § 23–110 motion that appellant had been apprised that it was his decision whether or not he would testify on his own behalf. Mr. Schwartz testified further that appellant had been advised of the important strategic considerations in making this decision.

5. Although this court had recognized the applicability of *Strickland* prior to *White, see Miller v. United States,* 479 A.2d 862, 870 (D.C.1984); *see also Williams v. United States,* 478 A.2d 1101, 1104–05 (D.C.1984), we had not had occasion to construe it.

■ *Strickland* instructs us to be "highly deferential" in our scrutiny of counsel's performance. Consequently, a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland, supra,* —— U.S. at —— ——, 104 S.Ct. at 2065–66. In the case at bar, appellant has failed to carry this burden.

The first instance of alleged actual ineffectiveness is counsel's failure to move to suppress post-arrest statements appellant made to a police detective during his detention. At trial, appellant took the stand in defense and related his version of the events which led to his arrest. On cross-examination, he was asked about a conversation he had with a police detective as the detective was escorting him to the central cellblock facility. Over defense objection, the court permitted the prosecutor's inquiry into the subject matter of the conversation on the ground that it constituted a permissible method of impeachment by omission.[6] Appellant insists that counsel's failure to file a pretrial motion to suppress the statements *for all purposes* amounted to "gross incompetence so prejudicial that it blotted out the essence of a substantial defense."[7]

■ Appellant concedes that even if he had succeeded with a pretrial suppression motion, the government still could have used the statements to impeach his credibility. *Oregon v. Hass,* 420 U.S. 714, 722, 95 S.Ct. 1215, 1220, 43 L.Ed.2d 570 (1975);

*Harris v. New York,* 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1 (1971).[8] Yet, he maintains that the statements were suppressible for all purposes, including impeachment, because they were "elicited from him involuntarily and outside the presence of counsel." Appellant has correctly stated the law. *Hass, supra,* 420 U.S. at 723, 95 S.Ct. at 1221; *Jefferson v. United States,* 382 A.2d 1030, 1032 n. 3 (D.C.1978). However, on the facts of this case, there is no room to apply the involuntariness exception to *Hass* and *Harris.* When this case was before the court on direct appeal, we made it quite clear that the statements in question had been voluntarily given. *Hill, supra* note 1, 404 A.2d at 531–32. Of course, this is not to say that a pretrial motion to suppress the statements would have been frivolous. But, in light of our conclusion that appellant freely offered his post-arrest statements, we cannot say that counsel's performance was deficient because he did not move for suppression. *See generally, Asbell v. United States,* 436 A.2d 804, 815 (D.C.1981). Failure to take such action did not result in ineffective assistance of counsel under the *Strickland* standard.

We reach the same conclusion with respect to appellant's next contention, *i.e.,* that counsel's advice that he testify on his own behalf was ineffective assistance. At the § 23–110 hearing, Lawrence Schwartz testified that he had several conversations with appellant about whether he should testify. Mr. Schwartz advised him of "the

---

**6.** During direct examination appellant gave detailed testimony on the events which resulted in his arrest. The post-arrest statements made to the police detective were essentially consistent with this testimony. The prosecutor argued, however, and the trial court agreed, that the statements left out significant details which appellant had related on direct examination and therefore could be used to impeach his credibility. On direct appeal, we held that this was a proper use of impeachment by omission. *Hill, supra* note 1, 404 A.2d at 532.

**7.** Appellant's brief was submitted prior to our decision in *White, supra,* which recognized the new constitutional standard.

**8.** In *Ibn-Tamas v. United States,* 407 A.2d 626, 641 (D.C.1979) (footnotes omitted), we stated that *Hass* and *Harris, supra,*

stand for the proposition that even though the government cannot introduce a defendant's post-arrest statements in its own case when *Miranda* [*v. Arizona,* 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966)] rights have been violated, it may use those statements to impeach the defendant in the event that he or she testified differently at trial.

whole panoply of strategic decisions that's related to that very difficult decision." As we have noted, *supra* note 4, Mr. Schwartz apprised appellant that it was his decision whether to testify. Because of the defense being raised,[9] Mr. Schwartz felt, and so counseled appellant, that it would be best if he took the stand.

■ Counsel's advice reflected, in our opinion, a reasoned, tactical decision. In *Strickland, supra*, the Supreme Court reaffirmed its position that to prevail on an ineffective assistance claim, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* —— U.S. at ——, 104 S.Ct. at 2066 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Of course, in a more appropriate setting, it may not have been sound for counsel to advise a defendant to testify. But in the case at bar, appellant has failed to rebut the presumption. We conclude that appellant's allegations of actual ineffective assistance of counsel are unfounded.

*Affirmed.*

---

9. Appellant's sole contention at trial was that he had acted in self-defense. Mr. Schwartz believed that to overcome the evidence elicited in the government's case, it would be necessary for appellant to explain to the jury the events as he perceived them.