UNITED STATES of America,
Plaintiff-Appellee,

v.

Raymond F. LANE, Defendant-Appellant.

No. 82–1641.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1983.

Decided June 20, 1983.

---

A.J. Kramer, Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Sanford Svetcov, San Francisco, Cal., for plaintiff-appellee.

Before KILKENNY, SCHROEDER and BOOCHEVER, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant Lane appeals from his conviction on one count of obstructing justice in violation of 18 U.S.C. § 1503. We affirm.

## FACTS

In 1979, appellant, then Secretary-Treasurer of Local 28 of the Hotel and Restaurant Employees Union, was convicted of embezzling funds from the Union. He was placed on probation. While on probation, he and others, including Gary Gilbert, initiated false charges of embezzlement and misconduct against the Union's new Secretary-Treasurer. During its investigation of these charges, the Department of Labor interviewed Gilbert who acknowledged that the charges were false.

Probation revocation proceedings were brought against appellant as a result of these false charges. Gilbert, unknown to appellant, had agreed to fully cooperate with, and testify for, the Government. In exchange, he was granted immunity from prosecution. Appellant and Gilbert had several conversations prior to the probation revocation proceeding. These conversations, which were recorded by the Government, form the basis of the obstruction of justice charges.

## ISSUES

1. Whether there was a violation of FRCrimP 25(a) sufficient to warrant reversal of appellant's conviction.

2. Whether the district court erred in refusing to allow impeachment of Gilbert on the basis of a prior state arson conviction.

3. Whether the district court erred in refusing to give a requested immunized witness instruction.

4. Whether statements made by the Government during closing arguments constituted prosecutorial misconduct requiring reversal.

## MERITS

### I. Violation of FRCrimP 25(a).

Appellant contends that substitution of Judge Orrick for Judge Schwarzer after the jury began deliberating violated FRCrimP 25(a),[1] denying him a fair trial. The basis of appellant's argument is that the substitution of Judge Orrick, who did not certify his familiarity with the trial record, effectively denied him an opportunity to seek amendment of an allegedly ambiguous instruction.

Rule 25(a) provides a method for substituting judges when a presiding judge becomes ill or otherwise disabled during the course of a criminal trial. See 1963 Jud. Conf.Rpt., p. 9; Wright, *Federal Practice and Procedure: Criminal 2d § 392* (2d ed. 1980). The Rule, however, was not intended to serve as a means of substitution merely for the convenience of the presiding judge. Here, Judge Schwarzer was not ill or otherwise disabled, but merely had a prior commitment. Therefore, substitution was improper. In addition, Rule 25(a) requires that the substituted judge certify that he has familiarized himself with the trial record. As mentioned previously, Judge Orrick failed to make such certification. Thus, we hold that Rule 25(a) was violated.

Rule 52(a) of the Federal Rules of Criminal Procedure provides that, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." FRCrimP 52(a). Thus, procedures that do not strictly comply with Rule

---

1. FRCrimP 25(a) provides:

If by reason of death, sickness or other disability the judge before whom a jury trial has commenced is unable to proceed with the trial, any other judge regularly sitting in or assigned to the court, upon certifying that he has familiarized himself with the record of the trial, may proceed with and finish the trial.

25(a) have been upheld by this court if the defendant has not suffered any prejudice. *United States v. Santos,* 588 F.2d 1300 (CA9), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1944, 60 L.Ed.2d 374 (1979); *see United States v. Boswell,* 565 F.2d 1338 (CA5 1978). Because Judge Schwarzer presided over the entire trial and most of the jury deliberations, we are only concerned with any prejudice occurring after the substitution. This requires an examination of the circumstances arising during that period of time.

Both parties had agreed to the instructions, without objections, before they were given to the jury by Judge Schwarzer. Only after a note was sent out from the jury did the appellant object to the instruction. The note stated:

> "Do we have to agree that Lane believed he was asking Gilbert to lie? Or is it sufficient to agree that he was only attempting to influence Gilbert's testimony?"

This note was received by Judge Orrick after Judge Schwarzer had departed. However, before Judge Orrick responded he received a telephone call from Judge Schwarzer. Upon being advised of the note, Judge Schwarzer told Judge Orrick to instruct the jury to "read the instructions," which he believed covered the question.

Judge Orrick informed the parties of Judge Schwarzer's response. Appellant argued that the note clearly indicated that the jury was confused due to an ambiguity in the instruction containing the elements of the offense. He suggested that the instruction be amended and the jury informed of the ambiguity. When Judge Orrick refused to amend the instruction or alter Judge Schwarzer's response, appellant moved for a mistrial based upon a violation of Rule 25(a). This motion was denied. The jury was instructed to "read the instructions" and, shortly thereafter, a verdict of guilty was returned.

When a jury requests clarification of a charge or supplemental instructions, the parties have the opportunity to object to any addition or clarification of the charge. 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 7.03, at 214–15 (1977). An objection made at the time the clarification or supplemental instruction is sought preserves any error on appeal. *See United States v. Glickman,* 604 F.2d 625, 631 (CA9 1979), *cert. denied,* 444 U.S. 1080, 100 S.Ct. 1032, 62 L.Ed.2d 764 (1980). A proper objection was made in the present case.

The defendant argues that because of the violation of Rule 25, he was unable to present argument to Judge Schwarzer that might have convinced Judge Schwarzer to give a more precise supplemental instruction than was given. The defendant contends that a proper response to the jury's question would have instructed them "that they had to find that the [defendant] was telling Gilbert to lie to or mislead the court, and that it was not sufficient to find that [the defendant] was only attempting to influence Gilbert's testimony."

Evaluating a failure to give a requested instruction, "[t]he test is whether, notwithstanding failure to adopt such requests, the charge was accurate." 8A J. Moore, *Moore's Federal Practice* ¶ 30.04[1], at 30–22 (2d ed. 1982). Reviewing the charge as a whole, there is no reversible error if the requested charge was substantially included in the instruction actually given. *United States v. Fleishman,* 684 F.2d 1329, 1342 (CA9 1982); *cert. denied,* —— U.S. ——, 103 S.Ct. 464, 74 L.Ed.2d 614; *United States v. Kenny,* 645 F.2d 1323, 1337 (CA9), *cert. denied,* 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981). In the present case, Judge Orrick instructed the jury to read the original instruction.[2] Be-

---

2. The challenged instruction provides:

There are three essential elements which the government must prove beyond a reasonable doubt to establish that the defendant violated this statute. And I will give you those three elements now.

The first one is that Gary Gilbert was likely to be a witness in this court.

The second element is that defendant Lane tried to influence or interfere with Gary Gilbert by asking him to lie or mislead the court in the revocation proceeding.

cause we find that the original instruction adequately and correctly conveyed to the jury the elements of defendant's requested instruction, we find no prejudice to the defendant in Judge Orrick's response.[3] Accordingly, we hold that appellant has not suffered any prejudice by the substitution of Judge Orrick for Judge Schwarzer which requires reversal of the conviction.

### II. Impeachment of Gilbert.

■ Appellant contends that the district court erred in refusing to allow impeachment of Gilbert on the basis of a prior state arson conviction.

On February 24, 1978, Gilbert pleaded guilty to arson, a felony punishable by up to 20 years imprisonment.[4] He was later allowed to withdraw his prior guilty plea and, after rearraignment, he pleaded guilty to a lesser included offense under Cal.Penal Code § 453(a), which was a misdemeanor punishable by a maximum of one year imprisonment.

■ On the basis of these events, we hold that the district court properly ruled that the prior conviction could not be used to impeach Gilbert. The original felony was withdrawn and replaced with a misdemeanor. Impeachment for a misdemeanor is not permitted under FRE 609(a) unless it involved dishonesty or false statement. *United States v. McLister,* 608 F.2d 785, 789 (CA9 1979); *Johnson v. United States,* 424 F.2d 537, 537 (CA9 1970).

### III. Witness Immunity.

■ Appellant claims that the district court erred in refusing to give a cautionary instruction informing the jury that Gilbert had been granted immunity for his testimony. While we believe it would have been desirable for the district court to give the requested instruction, under the circumstances of this case we hold that failure to do so was not reversible error.

■ Generally, a cautionary instruction on the credibility of an uncorroborated immunized witness, when requested, is required. *Guam v. Dela Rosa,* 644 F.2d 1257 (CA9 1980); *see United States v. Bernard,* 625 F.2d 854 (CA9 1980). Gilbert was the sole witness against appellant and, no doubt, his testimony was crucial to the Government's case. Ordinarily, if this testimony had been uncorroborated it would have been reversible error to refuse the

---

And, third, that the defendant acted knowingly and corruptly.

Now, the questions you must decide, therefore, are whether the government has proved beyond a reasonable doubt that the defendant considered Gary Gilbert a likely witness; whether he tried to influence or interfere with his expected testimony in this court; and whether he did so knowingly and corruptly.

This instruction had been amended at appellant's request to include the phrase "by asking him to lie or mislead the court" within the second element. He now contends that the second element requires the jury to find that appellant influenced Gilbert "by asking him to lie or mislead the court;" while the summation only requires that the jury find he tried to "influence or interfere" with his expected testimony.

**3.** According to 18 U.S.C. § 1503:

Whoever *corruptly,* or by threats or force, ..., *endeavors to influence,* intimidate, or impede *any witness,* in any court of the United States ... shall be fined not more than $5,000 *or imprisoned for not more than five* years, or both. [Emphasis added].

The instructions in this case, *supra,* note 2, properly conveyed the three elements necessary for conviction. *See United States v. Friedman,* 445 F.2d 1076, 1088 (CA9 1971); Devitt and Blackmar, *Federal Jury Practice and Instructions, § 32.01 et seq.* (3d ed 1977). According to the statute and instruction, the Government had the burden of proving beyond a reasonable doubt that (1) Gilbert was likely to be called as a witness at the hearing; (2) that Lane endeavored to influence Gilbert's testimony at the hearing; and (3) that Lane did so corruptly.

The jury was required to find that Lane *corruptly endeavored to influence or interfere with Gilbert's testimony.* If the jury had believed the defense theory, that Lane had attempted to influence Gilbert to tell the *truth,* then the third element of the offense regarding *corruption* would not have been satisfied.

**4.** Appellant was sentenced to 90 days in custody and four years probation. He had served the 90 days and most of the probation time when the plea was withdrawn.

instruction. However, in this case there were several factors which mitigate against reversal.

First, all of the conversations which formed the basis of Gilbert's testimony were tape recorded by the Government and played for the jury during trial. These recordings strongly corroborate Gilbert's testimony. Second, appellant was allowed to fully develop the immunity issue on cross-examination of Gilbert. Thus, it cannot be said that the jury was not aware of the immunity agreement. Finally, the district court specifically advised the jury to "consider whether the witness has any interest in the outcome of the case, or any bias or prejudice concerning any party or matter involved in the case."

The failure to give the immunity instruction did not affect the outcome and, thus, reversal is not warranted.

### IV. Prosecutorial Misconduct.

■ Appellant challenges the district court's refusal to grant a mistrial on the basis of alleged prosecutorial misconduct. He claims that two remarks made by the Government during closing arguments were improper and require reversal of the conviction.

Appellant failed to object to these remarks when made and, thus, deprived the district court of an opportunity to remedy any error. Therefore, we consider the statements under the "plain error" standard of review. *United States v. Gibson,* 690 F.2d 697, 703 (CA9 1982); *United States v. Berry,* 627 F.2d 193, 199 (CA9 1980). The Government's remarks, even if erroneous, did not constitute "highly prejudicial error affecting substantial rights." *United States v. Giese,* 597 F.2d 1170, 1198–1200 (CA9), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). Moreover, "[t]here is no indication that a 'clear miscarriage of justice' is presented here or that 'the integrity and reputation of the judicial process' may be affected." *United States v. Gibson, supra,* 690 F.2d at 703. Accordingly, we hold that these two isolated remarks did not deprive appellant of a fair trial and do not warrant reversal.

## CONCLUSION

The decision of the district court is affirmed.