46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jason Wallace SMITH, Defendant-Appellant.
 No. 93-50288.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 7, 1994.*
Decided: Jan. 11, 1995.
 
 1
 Before: BROWNING, GOODWIN, and FERGUSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jason Wallace Smith appeals pro se his conviction and sentence for selling unregistered securities in violation of 15 U.S.C. Sec. 77e(a), mail and wire fraud in violation of 18 U.S.C. Sec. 1341, 1343, money laundering in violation of 18 U.S.C. Sec. 1956(a)(1)(A)(i), bankruptcy fraud in violation of 18 U.S.C. Sec. 152, and conspiracy to engage in money laundering and bankruptcy fraud in violation of 18 U.S.C. Sec. 371. Smith raises nine arguments on appeal. We affirm.
 
 I.
 
 4
 Smith raises two claims which relate to a 1986 SEC civil action brought against him. First, Smith contends that the time elapsed between the close of the SEC's civil action and the government's 1990 indictment on criminal charges resulted in undue preindictment delay. To prevail on such a claim, Smith is required to demonstrate that he suffered actual prejudice and that the delay was the result of culpable government conduct. United States v. Sherlock, 962 F.2d 1349, 1353-54 (9th Cir. 1989), cert. denied, sub nom. Charley v. United States, U.S. , 113 S.Ct. 419 (1992). The evidence as to what his missing business records would have shown was merely speculative and therefore failed to show actual prejudice. United States v. Kendrick, 692 F.2d 1262, 1267 (9th Cir. 1982), cert. denied, 461 U.S. 914 (1983). In addition, Smith was unable to demonstrate any relationship between prejudice he may have suffered and government culpability for the loss of his records. Sherlock, 962 F.2d at 1354.
 
 
 5
 Secondly, Smith contends that the SEC's 1986 civil action bars his subsequent criminal prosecution under the doctrines of collateral estoppel and double jeopardy. Collateral estoppel as it applies in criminal cases is embodied by the Fifth Amendment guarantee against double jeopardy. Ashe v. Swenson, 397 U.S. 436, 445 (1970); United States v. Elgersma, 979 F.2d 750, 755 (9th Cir. 1992). Smith became aware of the threatened violation of his right against double jeopardy when he was indicted on criminal charges, but he did not raise his claim until this appeal. The failure to present a double jeopardy challenge constitutes a waiver of the claim, especially where the alleged constitutional violation is evident from the beginning of the second trial. United States v. Lorenzo, 995 F.2d 1448, 1457 (9th Cir.), cert. denied, U.S. , 114 S.Ct. 225 (1993).
 
 II.
 
 6
 Smith contends that both his Sixth Amendment right and his statutory right to a speedy trial, 18 U.S.C. Sec. 3161(c)(1), were violated by the continuances granted by the district court. Smith failed to assert his constitutional right adequately, to demonstrate actual prejudice, or to show government culpability for the delays in issue. United States v. Baker, 10 F.3d 1374, 1401 (9th Cir. 1993), cert. denied, U.S. , 115 S.Ct. 330 (1994). Smith's statutory claim also fails. The district court made sufficiently explicit and timely "ends of justice" findings under Sec. 3161(h)(8)(A) to toll Smith's speedy trial rights. United States v. Jordan, 915 F.2d 563, 565 (9th Cir. 1990).
 
 III.
 
 7
 Smith contends that the government produced insufficient evidence to support his convictions. Evidence is sufficient if, when reviewed in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lennick, 18 F.3d 814, 818 (9th Cir.), cert. denied, U.S. , 115 S.Ct. 162 (1994).
 
 
 8
 Smith rests his sufficiency claims on two main arguments: i) that the witnesses against him were not credible, and ii) that the evidence offered against him did not address the elements of the crimes charged. The original fact-finder's determinations of credibility, however, are given extraordinary deference on appeal. See Thomas, Head & Greisen Employees Trust v. Buster, 24 F.3d 1114, 1117 (9th Cir. 1994). Smith's unsupported characterizations of government witnesses cannot sustain his challenge to the sufficiency of the evidence offered against him. Smith's second argument, challenging the degree to which the evidence offered addressed the elements of the crimes charged, also fails because it is based on Smith's misunderstanding of the elements of the crimes with which he was charged, rather than on any mistake on the part of the prosecution.
 
 IV.
 
 9
 Smith makes four additional challenges to his convictions based on his assertions that: i) count twenty-four of the superseding indictment is duplicitous; ii) he suffered selective and/or vindictive prosecution; iii) the government engaged in actionable misconduct throughout the trial; and iv) the district court erred in denying his motion to exclude evidence of his Peruvian conviction. Smith's appeal on each of these grounds fails.
 
 
 10
 County twenty-four of the superseding indictment charges Smith with conspiracy to commit money laundering and bankruptcy fraud. The count addresses a single conspiracy to commit a related series of acts and transactions. It is properly charged under Fed. R. Crim. P. 8(a).
 
 
 11
 Smith has not demonstrated that others similarly situated were not prosecuted nor that the government singled him out for prosecution based on an impermissible motive. He therefore failed to establish a case of selective prosecution. United States v. Wayte, 710 F.2d 1385, 1387 (9th Cir. 1983), aff'd, 470 U.S. 598 (1985). To succeed in his vindictive prosecution claim, Smith is required to show that charges of increased severity had been filed against him in response to a his having exercised a protected constitutional or statutory right. United States v. Conkins, 9 F.3d 1377, 1382 (9th Cir. 1993). Smith has failed to sustain his burden.
 
 
 12
 Smith has set forth government statements and actions which he claims demonstrate prosecutorial misconduct. However, none of the statements or actions delineated by Smith were either prejudicial enough to require reversal or affected Smith's substantial rights. United States v. Lane, 708 F.2d 1394, 1399 (9th Cir. 1983). No colorable claim to government misconduct exists.
 
 
 13
 Finally, Smith's claim that the district court erred in denying his motion to exclude evidence of his Peruvian conviction is moot since the government never sought to admit the evidence into either trial. United States v. Arias-Villanueva, 998 F.2d 1491, 1502 (9th Cir.), cert. denied, sub nom. Orantes-Arriaga v. United States, U.S. , 114 S.Ct. 359 (1993).
 
 V.
 
 14
 Finally, Smith contends that the district court erred in application of the sentencing guidelines. Smith's challenges to his sentence are without merit. The record reflects that the district court properly imposed consecutive sentences to reach the minimum level required by the Guideline Sec. 5G1.2(d) and that it duly considered the pre-sentence report, which included information on the defendant's ability to pay, before it imposed an order of restitution. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3