105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henrico Bautista DE LA CRUZ, Defendant-Appellant.
 No. 96-50133.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Jan. 8, 1997.
 
 Before: PREGERSON, DW NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Henrico Bautista De La Cruz ("De La Cruz") appeals his conviction for involuntary manslaughter and for carrying a firearm during the commission of a violent crime, in violation of 18 U.S.C. sections 7 and 924(c). Because the parties are familiar with the facts, we will not recite them here.
 
 DISCUSSION
 A. Fed.R.Crim.P. 25(a) Violation
 
 3
 The district court violated Fed.R.Crim.P. 25(a), which concerns the substitution of judges during trial. Any violation of Rule 25(a) is governed by Fed.R.Crim.P. 52(a). United States v. Lane, 708 F.2d 1394, 1396 (9th Cir.1983) (affirming defendant's conviction despite violation of Rule 25(a) where no prejudice suffered). Rule 52(a) provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 52(a). Thus, an improper substitution of a judge which violates Rule 25(a) will require a reversal only where a defendant can show prejudice resulting from the violation. Lane, 708 F.2d at 1396-97. The prejudice must arise from an error committed by the substituted judge. See, e.g., id. at 1397-98 (substituted judge's failure to give a requested instruction not reversible error and not prejudicial because instruction actually given adequately and correctly conveyed the elements of the requested instruction).
 
 
 4
 De La Cruz lists several actions taken by Judge Brewster which purportedly prejudiced him. De La Cruz maintains that if Judge Jones had presided when the jury reported its deadlock after receiving an Allen instruction, Judge Jones would have declared a mistrial. Thus, De La Cruz argues, Judge Brewster's substitution deprived him of a mistrial. This argument fails for several reasons.
 
 
 5
 In his denial of De La Cruz's motion for reconsideration, Judge Jones explicitly stated that he would not have necessarily declared a mistrial when the jury reported its second deadlock. In addition, the question we must answer is whether De La Cruz suffered any prejudice stemming from an error, if any, committed by Judge Brewster. De La Cruz has not shown that Judge Brewster committed error.
 
 
 6
 De La Cruz also complains that Judge Brewster was not familiar with the trial record. De La Cruz does not demonstrate, however, how he has suffered any prejudice.
 
 
 7
 De La Cruz also asserts that Judge Brewster committed error by not showing counsel for both parties the jury note reporting the second deadlock and by not inviting discussion at sidebar before talking to the jury. Upon receiving a note from a deliberating jury, a trial judge must ensure that the message is "answered in open court and that [defense] counsel [is] given an opportunity to be heard before the trial judge respond[s]." Rogers v. United States, 422 U.S. 35, 39 (1975); see also, United States v. Frazin, 780 F.2d 1461, 1469-70 (9th Cir.1986).
 
 
 8
 De La Cruz and his counsel were present in open court when Judge Brewster decided how to respond to the jury's report of a deadlock. Before further instructing the jury, Judge Brewster had two sidebar conferences which allowed counsel an opportunity to present argument. Thus, the district court did not commit error.
 
 
 9
 Lastly, De La Cruz complains of the short dialogue between Judge Brewster and the jury foreperson, in which Judge Brewster recognized the jury foreperson as a son of a friend and as a member of Judge Brewster's church. De La Cruz argues that this recognition improperly bolstered the credibility of the foreperson and may have given him disproportionate influence during jury deliberations. De La Cruz does not argue that Judge Brewster or the jury foreperson harbored any bias against him. Rather, he complains about extrinsic material brought to the jury's attention; namely the foreperson's relationship with the judge.
 
 
 10
 To rise to the level of reversible error, De La Cruz must demonstrate that he suffered actual prejudice from Judge Brewster's colloquy with the jury foreperson. See United States v. Maree, 934 F.2d 196, 201-02 (9th Cir.1991).
 
 
 11
 De La Cruz only speculates about the prejudice he suffered as a result of the disclosure of Judge Brewster's relationship to the foreperson's father. Judge Brewster's brief comments would not likely bolster the foreperson's credibility. It is even less clear that any purported bolstering would have affected jury deliberations. It was not clear to defense counsel who failed to object at the time the colloquy occurred. De La Cruz fails to demonstrate actual prejudice.
 
 B. The Purported Second Allen Instruction
 
 12
 De La Cruz contends that Judge Brewster's comments to the jury constituted a second Allen charge. Giving an Allen charge twice is reversible error. United States v. Seawell, 550 F.2d 1159, 1162-63 (9th Cir.1977). In evaluating the underlying facts concerning the coerciveness of an Allen charge, an appeals court reviews de novo the totality of the circumstances. See Jiminez v. Myers, 40 F.3d 976, 979-80 (per curiam), cert. denied, 116 S.Ct. 63 (1995).[1]
 
 
 13
 In the case before us, Judge Brewster did not give an explicit Allen instruction to the jury since he did not ask them to reconsider their positions in the jury deliberations, nor did he encourage them to come to a verdict. Judge Brewster merely asked the jury if further deliberations would be helpful. Simply questioning a jury to determine if any progress is being made is not an Allen charge. United States v. Cuozzo, 962 F.2d 945, 951 (9th Cir.1992).
 
 
 14
 In addition to asking if progress had been made, however, Judge Brewster also informed the jury that a mistrial might occur. De La Cruz contends that Judge Brewster's comments regarding the mistrial possibility constituted a "de facto" Allen charge under Jiminez. Jiminez v. Myers, 40 F.3d at 980.
 
 
 15
 The present case is distinguishable from Jiminez. Judge Brewster did not ask the jurors about their votes, but merely queried them about the usefulness of further deliberations. Moreover, Judge Brewster did not repeatedly poll the jury in an attempt to encourage "movement" towards a verdict. Nor did Judge Brewster isolate any jurors who had the minority position. In addition, following Judge Brewster's comments, the jurors did not return to deliberate until the weekend had passed. If any coercive effect from Judge Brewster's comments existed, they would likely have dissipated by that time.
 
 
 16
 Thus, Judge Brewster's comments did not rise to the level of a de facto Allen instruction. The trial court did not commit error.
 
 C. Coercion of the Jury
 
 17
 De La Cruz contends that Judge Brewster's comments had a coercive effect on the jury. De La Cruz specifically points to Judge Brewster's mention of the possibility of declaring a mistrial as an option for the jury to consider. A trial judge commits error when his or her communications, taken in their context, have a coercive effect on a jury. In evaluating whether a judge's colloquy with a jury is unduly coercive, we look "not only to the form of the jury charge, but also to the amount of time of deliberation following the charge, the total time of deliberation, and any other indicia of coerciveness or pressure." United States v. Estacio, 64 F.3d 477, 482 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 1356 (1996).
 
 
 18
 The jury deliberated for a day before receiving Judge Brewster's instructions and for an additional hour before resolving its deadlock after his remarks. Given that De La Cruz's trial lasted only two days, the time of deliberation does not indicate coerciveness. The totality of the circumstances suggests that Judge Brewster's comments did not have a coercive effect.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not review the district court's purported actions regarding the second Allen charge or jury coercion for plain error since De La Cruz timely raised these issues to the district court