An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN KERRY O'KEEFE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61631



FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

First, appellant Brian O'Keefe argues that his conviction violates double jeopardy because this court reversed his prior conviction for the same offense after concluding that insufficient evidence was presented at trial. O'Keefe is mistaken. This court reversed his prior conviction because the jury was erroneously instructed regarding a theory that the killing occurred during the commission of an unlawful act, which was not alleged in the charging document and was not supported by the evidence. O'Keefe v. State, Docket No. 53859 (Order of Reversal and Remand, April 7, 2010). Double jeopardy does not preclude O'Keefe's instant conviction under an alternate theory of second-degree murder which was presented at his first trial and alleged in the charging document. See Parker v. Norris, 64 F.3d 1178, 1180-82 (8th Cir. 1995) (finding no double jeopardy violation where defendant's conviction for felony murder was reversed due to error and defendant was convicted at a second trial under an alternative theory of murder); see also Stephans v.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10505

State, 127 Nev. ___, ___, 262 P.3d 727, 734 (2011) (the remedy for errors unrelated to sufficiency of the evidence is reversal and remand for a new trial, not an acquittal).

Second, O'Keefe argues that the district court abused its discretion by allowing him to represent himself at trial because his decision to do so was not knowing, voluntary, and intelligent. Before granting O'Keefe's request, the district court conducted an appropriate canvass pursuant to Faretta v. California, 422 U.S. 806 (1975), during which O'Keefe stated that he spent several years studying the law and understood the nature of the charges against him, the potential penalties he faced, and the dangers of self-representation. Although O'Keefe asserts that his poor performance at trial demonstrates his decision was unknowing, "'a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation,'" Vanisi v. State, 117 Nev. 330, 341, 22 P.3d 1164, 1172 (2001) (quoting Godinez v. Moran, 509 U.S. 389, 400 (1993)), and the record reflects that O'Keefe voluntarily chose to represent himself despite full knowledge of the risks. We conclude that the district court did not abuse its discretion by granting O'Keefe's request for self-representation. See Hooks v. State, 124 Nev. 48, 55, 176 P.3d 1081, 1085 (2008) (reviewing the record as a whole and giving deference to a district court's decision to allow a defendant to waive his right to counsel).

Third, O'Keefe argues that the district court abused its discretion by denying his request to stay or continue trial for approximately nine months because he had pending proceedings in federal court and was unprepared for trial. The district court rejected O'Keefe's assertion that his federal proceedings in any way limited his ability to

prepare for trial and noted that O'Keefe asked to represent himself and was given ample time to do so effectively. We conclude that the district court did not abuse its discretion by denying O'Keefe's request for an extended continuance where the delay was his fault. See Rose v. State, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007).

Fourth, O'Keefe argues that the district court erred by allowing a substitute judge to preside over his trial because the original judge was more familiar with the case and its complex procedural posture. O'Keefe does not demonstrate how he was prejudiced by the substitution of a different judge. See generally United States v. Lane, 708 F.2d 1394, 1398 (9th Cir. 1983) (error involving substitution of judges is harmless if the defendant has not been prejudiced). We conclude that O'Keefe fails to demonstrate that the district court erred.

Fifth, O'Keefe argues that the district court abused its discretion by rejecting his proposed instructions and by giving instructions over his objection. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." Crawford v. State, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Because O'Keefe has not provided this court with the instructions given at trial, he fails to demonstrate that the district court abused its discretion by rejecting his proposed instruction. See generally Vallery v. State, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002) (noting that a district court does not err by refusing an accurate instruction related to the defendant's theory of the case if it is substantially covered by other instructions); see also Greene v. State, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). O'Keefe also does not identify which

instructions he contends were erroneously given. We conclude that he fails to demonstrate that the district court abused its discretion.

Having considered O'Keefe's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michael Villani, District Judge
      Bellon & Maningo, Ltd.
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[1]O'Keefe's fast track statement does not comply with NRAP 3C(h)(1) and 32(a)(4) because it does not have 1-inch margins on all four sides. We caution counsel that future failure to comply with formatting requirements when filing briefs with this court may result in the imposition of sanctions. NRAP 3C(n).

We deny O'Keefe's request for full briefing because it does not comply with NRAP 3C(k)(2), as it was not filed separate from the fast track statement. Further, although O'Keefe explains that full briefing is requested so that each issue may be adequately set forth and appropriate legal authority cited, we note that he did not file a motion for excess pages. See NRAP 3C(k)(2)(C).